## Cannell *et al.* *versus* Crawford County.

1. A judgment on bond and warrant was opened and under direction of the court the defendant pleaded payment. On trial of the issue, the defendant could not object to the bond on account of erasures and interlineations.

2. It was not necessary that the plaintiff should give the bond in evidence. The judgment needed no support at the outset, it stood good unless a legal or equitable payment or discharge was established.

3. A county commissioner is a competent witness in a suit in which the

[Cannell v. Crawford County.]

county is a party, although he might thus discharge himself from personal liability.

4. The commissioners appointed Burgess collector of taxes, he failed to give bond. Cannell and sureties gave bond with proper condition, reciting that he had been appointed collector. The duplicate and warrant were issued to Burgess. Cannell acted as collector, received taxes, which he paid over and claimed and obtained exonerations. *Held*, that his sureties were not liable for taxes collected by Burgess.

5. Evidence to show that taxes had been collected by Burgess and their amount was admissible.

6. The warrant is the authority of the collector to demand the taxes and seize the property or person.

7. The collector cannot use a warrant directed to any one else, unless authorized by that person as his deputy.

8. When sureties enter into an official statutory bond, it is not presumed that they undertake except on the terms prescribed by law.

October 22d 1868.　Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.

Error to the Court of Common Pleas of *Crawford county*: No. 17, to October and November Term 1868.

In the court below a judgment was entered on the 23d of January 1866, in favor of the county of Crawford against Charles Cannell and F. W. Ames and five others, his sureties, for $10,564.08, on a bond with warrant of attorney, dated April 29th 1865. On the record of the judgment was marked "Credit $4519.75."

On the 14th of January 1867 a rule to open the judgment was made absolute, and the defendants, by direction of the court, pleaded "payment with leave to give the special matters in evidence."

On the trial, before Vincent, J., the defendants offered the bond in evidence. The defendants objected because of material erasures in the name and date appearing on the bond. The evidence was admitted, and a bill of exceptions was sealed.

The bond recited that Charles Cannell had received from the commissioners of Crawford county a duplicate and warrant for the collection of state, county and other taxes of Titusville, amounting to $10,564.08, and the condition was that Charles Cannell should faithfully collect the said tax according to the requirements of the warrant, and within six weeks from its date pay to the county treasurer all sums that he should have received except abatements and allowances, and within three months from his corrected duplicate pay the treasurer the whole amount of taxes charged in the duplicate, except such sums as he should be exonerated from. The bond was signed and sealed by Cannell and his six sureties. Attached to the bond was a statement showing the amount of duplicate　.　.　.　$10,565.18
Credits, including exonerations and commissions,　5,906.99

Balance　.　.　.　.　.　.　.　$4,657.09

[Cannell *v.* Crawford County.]

Minniss, the commissioner's clerk, testified that Cannell was appointed collector for Titusville for 1865; he appeared before the commissioners and claimed exonerations; he had the duplicate with him at the time. Ames and Chase, two of his sureties, were present also, and participated. B. S. Burgess was first appointed, but did not qualify; he was present. No collector had been returned by the assessor.

The plaintiffs offered the minutes of the commissioners, which were objected to and admitted, and a bill of exceptions sealed. The minutes of the commissioners of various meetings from April 3d to August 16th inclusive, were then given in evidence.

Under date of July 15th 1865 is the following :—

Districts—Collectors . . . . . . Total 1865.
Titusville. C. Cannell (then follow taxes in detail), $10,654.08

The duplicate for Titusville, 1865, and warrant to B. S. Burgess attached, dated April 3d 1865, were given in evidence. This was the only warrant for Titusville for 1865. It was signed by Wm. Warner and S. A. Marshall, two of the commissioners.

Warner was offered by the plaintiff as a witness, but was objected to on the ground of interest; he was admitted, and a bill of exceptions was sealed. His testimony was in the main the same as that of Minniss. A present and a former treasurer testified to payments of tax having been made both by Cannell and Burgess.

The defendant gave evidence that B. S. Burgess and his son, B. F. Burgess, each collected tax.

The defendant offered to prove, " in connection with the duplicate and warrant directed to B. S. Burgess, that B. S. Burgess collected some $500 of the taxes charged in said duplicate, and that the duplicate shows that they were paid to him, and that $3300 more of said taxes were collected by B. F. Burgess, and so marked on the duplicate, and that the amount shown in duplicate as collected by Charles Cannell has been paid over to the county treasurer, but not that the aggregate of payments made is greater than the amount the collector is credited with, and this for the purpose of showing that the sureties in the bond are not liable for any of the money collected by B. S. Burgess or B. F. Burgess, or for any not yet collected."

The court rejected the offer, and sealed a bill of exceptions.

The defendant asked the court to charge :—

1. That the bond on which this suit is based recites as its consideration the appointment of Charles Cannell, as collector of taxes for the borough of Titusville, for the year 1865, and the duplicate and warrant to collect the same show that he was not the collector, had no warrant or legal authority to collect the taxes recited in said duplicate, and the said bond is without consideration and void.

[Cannell *v.* Crawford County.]

2. That there is no record such as the law requires of the appointment of Charles Cannell as collector of said taxes.

3. That the plaintiff's evidence shows that B. S. Burgess was appointed collector of Titusville for 1865, and that the warrant and duplicate of said taxes were issued to said Burgess and not to Charles Cannell.

4. That the sureties of Cannell, under the evidence, are not liable to the plaintiff upon the bond in question.

The court answered :—

"1. We think that the testimony of Mr. Minniss and the minute-book of the commissioners sufficiently show that Cannell was the duly appointed and qualified collector of taxes for the borough of Titusville for the year 1865, and taken in connection with Minniss's testimony show that Burgess never was collector for said borough, that there was a sufficient consideration for said bond, and that it is not void, and we therefore answer this point in the negative.

"2. We answer this in the negative. We think there is a good and sufficient record of Cannell's appointment as proved by Mr. Minniss.

"3. If you believe the evidence of Minniss, and the minute-books of the commissioners, Burgess never was appointed collector, nor was any warrant or duplicate ever issued to him as such, and we therefore cannot charge as requested.

"4. If you believe the evidence of the plaintiff, Cannell was duly appointed collector, and qualified as such by giving the bond in controversy, and thereupon received the duplicate, and if he has failed to account for the amount of tax therein charged, the defendants are liable to the extent of the deficit, with interest on such balance after two years from date of delivery of duplicate."

The verdict was for the plaintiff for $4387.92.

The defendants removed the case to the Supreme Court, and assigned for error the admission and rejection of the evidence mentioned in the bills of exceptions, and the answers to the defendants' points.

*J. Douglass* (with whom was *F. B. Guthrie*), for plaintiffs in error.—The bond should have been rejected on account of the erasures: 1 Greenl. Ev., §§ 564, 569; Sheppard's Touchstone 71. Cannell was at most but Burgess's deputy and responsible to him only: Act of April 15th 1834, § 51, Pamph. L. 519, Purd. 943, pl. 90; Lewisburg *v.* Augusta, 2 W. & S. 65. Warner was personally responsible for failure of duty: Commissioners *v.* Lycoming County, 10 Wright 496; Acts of May 15th 1841, § 9, Pamph. L. 395, Purd. 209, pl. 15; April 15th 1834, §§ 15, 17, 18, Pamph. L. 513, 514; February 28th 1835, § 1, Pamph. L.

[Cannell *v.* Crawford County.]

45, Purd. 937–939, pl. 25, 34, 35, 40. Cannell had no right to demand the tax: Kepp *v.* Wiggett, 14 Jur. 1137; Miller *v.* Stuart, 4 W. C. C. R. 26; s. c., 9 Wheat. 680; United States *v.* Kirkpatrick, Id. 720; Wylie *v.* Gallagher, 10 Wright 205; Legh *v.* Taylor, 7 Barn. & Cress. 491; Commonwealth *v.* Toms, 9 Wright 408. The commissioners did not communicate to the sureties, that Burgess's warrant had not been withdrawn: Wayne *v.* Commercial Bank, 2 P. F. Smith 343; Railton *v.* Matthews, 10 Cl. & Finn. 934.

*S. N. Pettis,* for defendant in error.—Burgess was not collector because he had not given bond: Act of April 15th 1834, § 19, Pamph. L. 514, Purd. 938, pl. 37. The provisions of the acts as to warrants are for the benefit of tax-payers and directory merely as to the officers: Sandwich *v.* Fish, 2 Gray 298; Claiborne *v.* Debon, 1 Martin (La.) 660; Stephens *v.* Crawford, 1 Kelly 574. Warner was a competent witness: Fritz *v.* Montgomery County, 5 Harris 130; Act of April 16th 1840, § 6, Pamph. L. 411, Purd. 425, pl. 18.

The opinion of the court was delivered, November 9th 1868, by

THOMPSON, C. J.—The 1st assignment of error on this record is upon the admission in evidence of the bond to the county of Crawford, of the defendants below, now plaintiffs in error, because of numerous erasures and interlineations on its face, unexplained. This would be a sound objection if its execution were denied by plea. But that is not the case. The plea is "payment with leave to give the special matters in evidence." The judgment which had been entered on this bond, by virtue of a warrant of attorney, was opened on the terms of so pleading, and whether the plea is to be considered applicable to the bond or to the judgment, it is immaterial. In either case, the original cause of action, the bond, was admitted by it. Indeed, the plaintiff was under no conceivable necessity to give it in evidence at all. The judgment would stand good unless a legal or equitable payment and discharge were established. It needed no support at the outset from the bond or anything else. This alleged error is therefore not sustained.

2. Nor do we think there was error in admitting the minute-book of the commissioners. Badly as these minutes were kept, they contained some evidence of the appointment of Cannell as collector of taxes for the year 1865, of the borough of Titusville. The bond signed by him and his bail, admitted this beyond a doubt, and the exclusion of the minutes could do him no good, nor did their admission do any harm, under the circumstances.

3. The next assignment is to the admission of William Warner, one of the county commissioners of 1865, to testify. The 6th section of the Act of April 16th 1840, made him competent.

The words are, " no person shall be excluded from being a witness or juror in any suit, prosecution or proceeding, in which any county, city, incorporated district, borough or township is a party, or is interested by reason of such person being, or having been, an officer, rated citizen or inhabitant in such county, city, district, borough or township, or owning assessed or taxable property, or being liable to the assessments or payment of any taxes therein." In the case of Wilson v. Clarion County, 2 Barr 17, the commissioners were admitted to testify for the county against the defendants, although the auditors had reported their liability for the subject-matter which their oaths went to charge the defendant with, and, of course, to discharge themselves from. The legislature had discharged them from the common-law objection on the score of interest by the act in question, and it had full power to do this. This was a stronger case for objection than the present, and it rules it. This error is therefore not sustained.

4. The next matter to be considered, and the principal matter of the case, is to be found, not only in the rejection of evidence, but in various answers of the court to points put by the defendants. It may be stated thus: The defendants offered to prove, in connection with evidence already in (showing that one B. S. Burgess had, prior to the appointment of Cannell, been appointed collector of Titusville borough, and had received the duplicate accompanied by a warrant to him to collect the taxes of the borough for 1865, but did not qualify by giving bond, and that no other duplicate or warrant was issued to any other person for that year), that B. S. Burgess actually collected $500 taxes, charged in that duplicate, and that $3300 more were collected by his son, B. F. Burgess, and so marked, in both instances, on the duplicate; and further, that the whole amount collected by Cannell on said duplicate had been paid over to the county treasurer. This was offered for the purpose of showing that the sureties were not answerable for the taxes collected by the Burgesses. This offer the court overruled, and charged, there being evidence to raise the question, in substance, that if the jury believed the evidence, Cannell was duly appointed collector and qualified as such by giving the bond in controversy, and receiving the duplicate, and if he failed to account for the amount of taxes thereon charged, the defendants were liable to the extent of the deficit; and that the fact that the warrant was addressed to Burgess, who did not qualify, did not nullify the appointment of Cannell, who did qualify, by *giving the bond;* that it would not release the defendants from the performance of the conditions of the bond, " if no warrant had accompanied the duplicate." There was no testimony of any kind to show that the duplicate was ever delivered to Cannell by the commissioners, but that he got possession of it and collected a portion of the taxes is not to be disputed. The

[Cannell *v.* Crawford County.]

fact that the warrant was issued to Burgess, was conceded by the learned judge, and this was a concession also that the duplicate was delivered to him—the one accompanied the other from the hands of the commissioners. They are inseparable. The question now is, therefore, whether the sureties of Cannell can, be holden for taxes never collected by him, and which were collected by Burgess and his son, most likely as agent, and which the former had no legal authority by warrant to collect?

The 19th section of the Act of 1834 provides, that "no person shall be appointed collector of county rates and levies, unless he shall give bond in such amount as shall be determined by the commissioners, with warrant of attorney to confess judgment thereon, and with such surety or sureties therein as shall be satisfactory to the commissioners, or a bond with a mortgage of real estate sufficient to secure such amount."

This being done in one or other of the modes pointed out, the collector is qualified, and what then? The 20th section of the act will answer:—

"The commissioners  *  *  *  shall issue their warrants with the duplicates aforesaid to the respective collectors  *  *  *  *  authorizing and requiring them to demand and receive from every person in such duplicates named, the sum wherewith such person stands charged."

It needs no arguments to prove that the warrant is the official authority of the collector to demand the taxes, and to enforce their payment by seizure of property or person. Without it he has no legal authority to do either. Nor could he use a warrant directed to any other person for such purpose, unless specially authorized by such other person to do so as deputy. The Act of Assembly required the commissioners to arm the collector with this authority, and the bond recited that it had been done. The recital was false. The authority was never given to Cannell, the alleged collector. Surely his bail could complain of this. It was an official statutory bond which they executed, and it is not to be presumed that they undertook on any other terms than those prescribed by law. They were entitled to all of these, no less and no more; and they have a right to presume that the commissioners would furnish, or had furnished, the collector with the requisite warrant, and were in no way bound to see that they had. If they did not, they are not bound. Not only was there no warrant to Cannell to collect, but there was a warrant to B. S. Burgess accompanying the duplicate delivered to him, which was never revoked. Under this warrant, with the duplicate in his hands, he and his deputy could collect from the tax-payers, and did, for they are credited on the very duplicate for taxes paid to him and to his son. It is not an answer to this, to say that he did not qualify and was therefore not legally authorized to collect. To

[Cannell v. Crawford County.]

the tax-payer without notice, he was legally qualified, for the commissioners had power by the 2d section of the Act of 28th of February 1835, to appoint collectors without sureties, or bond and mortgage. In making payments to him they would, without a full knowledge of the circumstance that he was not a freeholder, if he really was not, be sheltered by the maxim *omnia presumuntur rite esse acta* in its application to the commissioners. It is an undisputed fact that he did collect the entire amount of the deficit attempted to be charged to the account of the defendant and his sureties. This could not be done without flagrant injustice. On the subject of the want of a warrant and its effects on the sureties, we are not without authorities, English and American. The case of Kepp v. Wiggett, 14 Jur. 1137, and to be found in 7 Harr. Dig. 245, is direct to the point. It may be stated as follows: "The defendants, as sureties of one J. L., executed, on the 5th of October 1846, a bond to the plaintiffs, who were commissioners under the income tax acts, by which bond, after reciting that J. L. had been duly appointed collector of the duties granted by these acts, assessed within the parish of M., and that a duplicate of the assessment had been delivered to J. L., with a warrant for collecting the same, the defendants became bound for the payment of all such sums assessed and collected for the year ending April 1847, or to be assessed and collected in said parish by J. L., as such collector as aforesaid. A duplicate of the assessment of duties under schedule A., made on persons in M. for the year ending April 1847, had been delivered to J. L. by the plaintiffs, together with a warrant for collecting the same, but no such duplicate of assessment under schedule D., nor warrant for collecting the same, had been delivered to J. L. J. L. died, having received previously some of the duties under schedule A. and D., for which he had given the usual receipts as collector. It was held that defendants were not liable in respect of the duties under schedule D., as for the want of a duplicate and warrant J. L. had not at the time the authority to receive the same." The principle is recapitulated in this case thus: "The sureties to a bond given by a person appointed a collector of income tax, and conditioned for the payment of all sums assessed and collected by him as such collector, are not liable for sums collected by him without legal authority. Such person has no authority to collect sums assessed until he is furnished with a duplicate assessment and warrant to collect, mentioned in the act." The principle of Stewart v. Miller, 4 W. C. C. Rep. 26, is to the same effect: "The contract then," said the judge, "in effect was, that the defendant should guaranty the good conduct of an officer clothed with powers and duties defined and circumscribed within a proper sphere, in which he might legitimately act as such officer." See also Miller v. Stewart, 9 Wheat. 681, and United States v. Kirkpatrick, Id.

720, in the latter of which cases it is said, "the bond in question was given with express reference to the commission, and its obligatory force was consequently confined to acts done while that commission had a legal continuance, and could not go beyond it." To the same effect is the case of Legh *v.* Taylor, 7 B. & C. 491. The commission here did not exist at all, so far as Cannell was concerned. It was in Burgess, and could not be used by Cannell, except under a deputation by the former, and to this the bond of the sureties did not extend. On these principles the sureties on this bond were liable for such sums as their principal might collect, according to the requirements of the duplicate and warrant, and perhaps to such as he might actually receive by color of authority, but for no more. This is the express provision of the bond, and no court could extend it without injustice and wrong to the sureties. As the principal had no warrant, and another had, the sureties are not liable for what he failed to collect, much less for that which others collected by virtue of the duplicate and warrant. We hold the sureties liable for their engagement and no more.

We are, therefore, of opinion that the court erred in rejecting the proffered offer of testimony, and in charging as it did on the points noticed, and for these reasons the judgment is reversed.

Judgment reversed, and *venire de novo* awarded.