## McGOWAN v. KNITTEL et al.

### (Circuit Court of Appeals, Third Circuit. May 11, 1905.)

For majority opinion, see 137 Fed. 453.

ACHESON, Circuit Judge (dissenting). I am not able to concur in the conclusion reached by the majority of the court. The reversal is based upon the following ruling by the trial judge:

"Mr. Johnson: I offer in evidence the papers produced by this witness of the case in court of common pleas No. 4 for the county of Philadelphia, of June term, 1903, No. 1,558, wherein Frank J. Nealis is plaintiff and John A. McGowan and Arlington S. Wolfe are defendants. This whole record is offered particularly to show the entry of a judgment against the defendant in this case and the issuance of execution thereon, of date September 18, 1903, for the sum of $1,693.38. Execution issued the same date.

"Mr. Edmunds: That is objected to on the ground that the record in this case shows that at the time the petition in this case was filed this judgment was opened by the court at the instance of the defendant himself, and there is no judgment.

"Mr. Johnson: I admit that the above judgment had been opened and the defendant let into a defense previous to the time of the filing of the petition in this case.

"The Court: It is admissible at present. The effect of it is a question to be determined hereafter. The offer is admitted.

"(Exception noted for defendant.)"

In his opinion denying the motion for a new trial the judge said:

"We think there was no error committed in allowing the record of the judgment entered in the court of common pleas of Philadelphia county to be offered in evidence, although it had been opened for the purpose of allowing the defendant to make a defense to it. It was a subsisting claim, and, if he had a defense to the claim as a subsisting one against his estate in bankruptcy, he could have made it before the jury, but he offered no evidence whatever to show that he was not indebted to the plaintiff in that judgment."

It is too plain for discussion that the opening of the judgment did not operate to destroy the judgment, or to impair its lien or the lien of the execution. Therefore, although the judgment was opened, the record was evidence of a subsisting incumbrance against the estate of the defendant, the alleged bankrupt. The record as it stood when offered went directly to the issue of insolvency.

The opinion of the majority of this court proceeds upon the assumption that the judgment was opened generally, so as to entirely take away its evidential effect. This inference I most respectfully insist is unwarranted by anything shown to us. The bill of exceptions imports no more than that the judgment was opened to let in some particular alleged defense which the defendant laid before the state court. Manifestly the trial judge acted upon that view. Now he had before him the entire record of the court of common pleas. All the file papers were in evidence. The trial judge saw the petition of the defendant to open the judgment and the order of the court. But neither of them appears in the bill of exceptions or in the assignment of error. Upon this record the presumption in favor of the correctness of the ruling made by the trial judge upon the evidence before him should stand, as it seems to me.

The brief of the plaintiff in error filed in this court may not be part of the record, strictly speaking, yet certainly we have a right to look at an admission made therein, and I think we ought to consider it here in the interests of justice. The brief contains the following statement:

"This judgment, as a matter of fact, was obtained on a bond, the consideration of which was illegal and void, and when the facts were presented to the court of common pleas this judgment was opened; the court ruling that a judgment would not lie on such a bond."

This admission distinctly shows that the defense set up in the court of common pleas went only to the consideration of the bond. The execution of the bond was not denied. Undoubtedly the judgment was opened to let in the affirmative defense of unlawful consideration, and the burden to impeach the consideration of the bond was on the defendant. I regard the above admission by the plaintiff in error, contained in his brief, as fatal to his assignment of error.

In my judgment the Pennsylvania decisions cited in the opinion of the majority of the court do not require or justify a reversal here. Those cases were trials of issues framed upon formal pleadings. The principle there decided was that upon the trial of such an issue the burden of proof depends upon the pleadings. Thus, in West v. Irwin, 74 Pa. 258, 259, the court said:

"If payment with leave to give the special matter in evidence had been the only plea, as in Cannell v. Crawford County, 59 Pa. 196, there would have been no error in the admission of the record; for the plea would have confessed the cause of action on which the judgment was entered. But there was also the plea of non est factum, and under the issue formed thereon the burden of proof was on the plaintiff."