# Carson et al. *versus* Coulter et al.

1. Where a judgment is opened without terms, the burden of proof is on the plaintiff. The judgment remains as a security for whatever may be found due.

ERROR to the District Court of *Allegheny county*.

This was a feigned issue, directed by the District Court, to test the validity of a judgment entered on a warrant of attorney against Henry Coulter and Samuel F. Dales. The condition of the bond upon which the judgment was entered was as follows:

"That if the above bounden Henry Coulter and Samuel F. Dale, partners under the firm of H. Coulter & Co., their heirs, executors, administrators and assigns, do well and truly pay or cause to be paid unto the said Carson & McKnight, their certain attorney, heirs, executors, administrators or assigns, the sum·or sums of money for which they, the said Carson & McKnight, may become or are now liable for, or on account of the said H. Coulter & Co., by reason of accommodation, acceptances, endorsements or otherwise, including costs, fees and charges, and to which they may be subjected on said account, and it being expressly understood that said penal sum above mentioned shall cover and embrace a judgment-note at five months date, given by said Coulter & Co., to Gill, Gillets & Noyes, of New York."

A writ of *fi. fa.* was issued upon the judgment to November Term, 1851, upon which was the following endorsement:

"The sheriff will collect—

| | |
|---|---:|
| Endorsement for T. J. Carson & Co., Baltimore, due Oct. 25, 1851, . . . . . . . . | $6,446.33 |
| Endorsement to Arnold Plumer, due Dec., 1851, | 4,000.00 |
| Endorsement to H. Carson & Co., due Feb. 20, 1852, . . . . . . . . | 5,609.28 |
| Promissory note advanced and cash loaned, . | 3,297.41" |

On application made by a number of judgment-creditors, the court directed a feigned issue to be formed, on a wager that the judgment was good and valid for the whole amount, or some part thereof; and that, at the time of issuing execution, one or more of the liabilities specified by the plaintiffs, was due and payable.

On the trial of the issue, the plaintiffs' counsel offered the judgment, the bond of the defendants, and the execution, with the endorsement thereon in evidence, to establish the validity of their claim. The court, FORWARD, P. J., decided, that they were inadmissible for any other purpose than to show the *amount* of the claim; and that they would not establish a *prima facie* case for the plaintiffs. This decision was excepted to, and assigned for error. Another assignment of error was to the rejection of the bill-book of H. Coulter & Co., which was offered in evidence for the purpose of showing the existence of a lost draft for $3000, drawn by H. Coulter & Co. on Thomas Carson & Co. There was evidence that the firm of H. Coulter & Co. had dissolved partnership before the claims of Harvey Carson & Co., and Thomas J. Carson & Co., originated. The court left it to the jury to decide whether the fact of dissolution was known to Carson & McKnight, and instructed them that if it were, and if the claims originated subsequently to the dissolution, these amounts should be disallowed. It was shown, that the liability of Plumer originated in 1847, prior to the dissolution of the firm

[Carson et al. *v.* Coulter et al.]

of H. Coulter & Co.    The court, FORWARD, J., further charged the jury as follows :

" Plaintiffs' counsel insist that, inasmuch as Dale, as well as Coulter, is passive, and does not complain or object to the judgment or execution, the debt itself being just, although contracted by Coulter alone, for his separate benefit, the creditors, who in this case are disputing the validity of the judgment and execution, cannot rightfully interfere.  I instruct you, however, that upon the state of facts here assumed, they are entitled to relief, and that you are not at liberty to recognize any alleged liability of plaintiffs, unless it was incurred *bonâ fide* on account of Coulter & Dale.

" Liabilities to a considerable amount are stated in the endorsement on the execution, as to which no proof whatever has been adduced.    This circumstance is marked by the counsel of the creditors, as evidence of collusion.    It is a fact of which you will, of course, take cognizance, in your scrutiny as to the fairness of the judgment and execution ; but, although allowed all the weight due to it, the fact itself of collusion may lack the required proof.

" The question will strike you, may not the course of the plaintiffs be accounted for, without the supposition of their confederacy with Coulter for the object of defrauding his creditors ? They were losers to a heavy amount, and would be anxious to secure themselves by any accessible means ; or might, under the mere impulse of interest, without collusion with others, be beyond the strict limits furnished by the law as to their liabilities. On this question of collusion you will not, I presume, be satisfied, without persuasive evidence.

" If you are not convinced that the entry of this judgment, and the issuing of the execution, were the result of collusion between plaintiffs and Coulter, you will ascertain their liabilities with the condition of the bond, and find accordingly."

The jury found a verdict for the amount of the liability to Mr. Plumer.    The plaintiffs sued out a writ of error, and assigned the matters above specified, to sustain it.

*Hamilton* and *Dunlop*, for plaintiffs in error, cited the following cases : That judgments entered on warrants of attorney, are not within 8 and 9 William III. ; *Longstreth* v. *Gray*, 1 Watts, 63 ; *Skidmore* v. *Bradford*, 4 Barr, 296.    Judgments for security, are neither invalid nor irregular ; *Miller* v. *Howry*, 3 Pa. R. 374. A judgment on warrant to confess, in the Common Pleas, entered in the District Court, is irregular, but can only be assailed for fraud ; *Hauer's Appeal*, 5 W. & S. 473.    Judgment entered without delivering the warrant of attorney to plaintiff, is valid against creditors.    The money secured was lent afterwards, on

[Carson et al. *v.* Coulter et al.]

a prior verbal agreement to advance; *Parmentier* v. *Gillespie*, 9 Barr, 86. Judgment to secure future advances, has never been questioned, except for collusion. Judgments entered irregularly, can only be assailed for fraud, or set aside on error; *Drexell's Appeal*, 6 Id. 272. The Chief Justice said, as long as the party confessing it submits, no one else has a right to complain, unless it is collusive as to creditors. The same doctrines are asserted by Judge Bell, in *Dickinson and Hauer's Appeal*, 7 Id. 237, 238.

———, for defendants in error, cited *Dennison* v. *Leech*, 9 Barr, 165; *Gorgerat* v. *McCarty*, 1 Yeates, 253; *Gates* v. *Johnston*, 3 Barr, 32; *Garber* v. *Henry*, 6 Watts, 59; *Parmentier* v. *Gillespie*, 9 Barr, 86; *Dans* v. *Charles*, 8 Id. 88.

The opinion of the court was delivered by
WOODWARD, J.—We answer the first error assigned, as a similar objection was answered in *Dennison* v. *Leech*, 9 Barr, 165, by saying, the court might have opened the judgment on terms, and perhaps they ought to have done so, but having thought proper to adopt a different course, by opening the judgment without conditions, the burden of proof was on the plaintiffs. Under such an order, the judgment remains as security for whatever may be found due, but in all other respects, the trial must be had as if no judgment had been entered. The court gave the plaintiffs all the benefit of the judgment they were entitled to claim.

The second error was not pressed, and there was no ground for it.

The other assignments of error relate to the charge. The judgment had been entered on a bond given by Henry Coulter and Samuel F. Dale, partners under the firm of H. Coulter & Co., to Carson & McKnight, "for any moneys they, the said Carson & McKnight, may become, or are now liable for, or on account of the said H. Coulter & Co., by reason of accommodation, acceptances, endorsements, or otherwise."

The judgment was opened, and the plaintiffs put to the showing of what moneys they had become liable for, in accordance with the terms of the bond. That they were not prejudiced by what the court said on the subject of collusion and fraud, is shown by the verdict, which found for them the amount of the Plumer note, the only liability proved to have been incurred for H. Coulter & Co.

Then, in regard to the other claims, the court submitted to the jury to find whether they were not contracted after the dissolution of the firm of Coulter & Dale, and knowledge of it by Carson & McKnight, and if they were, as is found, they cer-

tainly do not come within the terms of the indemnity. Whether Carson & McKnight became liable for these claims on the credit of the one or the other of the partners, they could not have trusted the firm, if they knew it had ceased to exist, and therefore had no pretence of right to use this firm judgment, for their protection as against other creditors.

As to the liabilities endorsed on the execution, of which no proof was offered, the court were unquestionably right in directing their disallowance.

It appears to us that the jury were instructed to allow everything which fell within the terms of the indemnity, and to reject whatever was outside, and in this we perceive no error, and accordingly affirm the judgment.