## Collins *versus* Freas.

1. Suit was upon an award, judgment was entered for want of an affidavit of defence; on affidavit that defendant did not owe plaintiff any sum whatever, the judgment was opened, without restrictions or conditions. The case was tried on pleas which struck at the root of the award. *Held*, that the record of the judgment was not admissible in evidence; the trial was to be had as if no judgment had been entered.

2. The *order* in which evidence shall be given is generally in the discretion of the court.

3. An award on a claim not submitted, and between persons not parties to the submission, is bad.

4. A recital in an award of the submission is not proof of a submission nor of its terms.

March 5th 1875. Before Agnew, C. J., Sharswood, Williams, Mercur, Gordon and Paxson, JJ.

Error to the Court of Common Pleas of *Schuylkill county*: Of January Term 1874, No. 50.

This was an action of debt, brought February 9th 1871, by Hiram B. Freas and Margaret his wife, in her right, against Peter F. Collins.

The action was upon an award which was filed with præcipe. On the 1st of May 1871, judgment was entered against the defendant for want of an affidavit of defence, and damages assessed at $2000. On the 26th of June the judgment was opened, and

[Collins *v.* Freas.]

the defendant filed an affidavit of defence, "That he does not owe nor is he indebted to the plaintiff in any amount whatever." He also pleaded, "No submission and no award," and "the award was not authorized by the submission."

The cause was tried September 3d 1873, before Walker, J.

The plaintiff offered in evidence the record of the judgment in the case which had been opened. The offer was objected to by the defendant, admitted by the court, and a bill of exceptions sealed.

E. T. Burke testified for the plaintiff, that the defendant asked him if he would act as arbitrator in a case between him and Freas. Freas chose G. G. Jacoby, and they two chose John Lazarus. The arbitrators met on the day appointed by the parties. Witness said that a paper shown him was the award; that it was made on a statement from Mr. Marr. At the time the award was made, Marr, Jacoby, Lazarus and witness were present. Marr stated the claim was property in Shenandoah city, sold by Collins to Freas. That was the only claim passed upon.

The plaintiff offered in evidence the award, with statement on which it was based attached, viz.:

"And now, to wit: September 9th 1870, we, the undersigned, E. T. Burke, of Ashland, George G. Jacoby, of Shenandoah city, referees, chosen respectively by Peter F. Collins and H. B. Freas, having met in Ashland, in accordance with our appointment, mutually chose John Lazarus, of Ashland, as a referee, and after being duly sworn according to law, and after due investigation and inquiry, do award in favor of H. B. Freas and wife—in the right of the wife the sum of $1500, and against Peter F. Collins, as being the amount justly and properly due from Peter F. Collins to H. B. Freas and wife.

Signed by us, the above-mentioned referees.

E. T. BURKE,
G. G. JACOBY.
JOHN LAZARUS."

Then followed the statement, giving the items, and resulting in an indebtedness of $1500 of Collins to Freas.

Defendant objected, because the award was not in pursuance of the submission, and that it was incompetent and irrelevant

The evidence was admitted and a bill of exceptions sealed.

W. A. Marr, Esq., testified: "I was present when the arbitrators were agreed on. Collins said: 'Now, Marr, Freas and I have agreed to refer our differences to two arbitrators, each to choose one, and the two to choose a third,' and they were to meet at my office. Freas assented. Collins said, 'Whatever these men do, I am satisfied.' The day was selected. Collins said, 'Marr, I cannot be there that day, and I want you to represent me.' Freas objected. I said

[Collins v. Freas.]

'I will not represent either', but if you will agree, I will make a statement before the referees;' both consented to that. The arbitrators met on the day appointed; I gave the arbitrators a statement; I went into the front office; they sat in the back office; I made out the award; they gave me the figures and told me to make it out. There was but one matter of dispute before the referees."

On cross-examination, he said : " The subject was in reference to property sold by Mr. Collins to Mr. Freas and wife, in Shenandoah city. Freas could not carry out his contract, and Collins made arrangements, if he would give up that property, he would allow him something—Freas to have a smaller property. * * * He said he would not give up the smaller property, as his wife was to have it, and Collins agreed to allow him in money ; * * * that is the understanding I got from both parties. I stated the same matter * * * to the arbitrators, and showed the figures of the different properties. * * * I have no interest in this claim. Freas owes me nothing. Did not tell Collins that I wanted the money to go through my hands, so that I could pay myself what Freas owed me."

Plaintiff here rested.

The defendant testified he never made an agreement with Freas in right of his wife to refer matters between defendant and them to arbitrators. He further testified in direct contradiction of Mr. Marr.

The defendant offered to testify that " W. A. Marr, one of the plaintiffs' witnesses, told him that he wanted him to pay the money in controversy to him (Marr), so that he might get it into his hands and apply it to a debt due from Freas to Marr or Marr Bros."

Objected to by plaintiff. The offer was admitted for the purpose of showing an interest in Mr. Marr, but excluded for any other purpose; and a bill of exceptions was sealed.

There was other evidence on both sides.

The following are points of defendants with their answers :

2. Under a submission the arbitrators can only consider the transaction submitted to them, and between the parties to a submission, and if the jury believe that Peter F. Collins, the defendant, agreed to submit a matter in controversy between himself and Hiram B. Freas, the award embracing a matter in relation to Margaret M. Freas is bad, and the verdict must be for the defendants.

Answer. " While it is true that the arbitrators can only pass upon matters submitted to them ; yet if these arbitrators, in making up their award, included matters in controversy between Mr. Collins, Mr. Freas and his wife, it would be valid if the jury believe that it was the agreement and intention of the parties to this suit that they should do so, and that without regard to the circum-

[Collins *v* Freas.]

stance, whether the money was due to Freas, or to Freas in right of his wife."

3. The recital of a submission in an award is no proof of its existence or terms, and if the jury believe that the submission was as to a matter in controversy between Peter F. Collins and Hiram B. Freas, the award embracing matters in relation to Mrs. Freas is void, and the verdict of the jury must be for the defendant.

Answer. "It is true that the recital of a submission in an award is no proof of its existence, and without a submission there can be no valid award, and as we have before said if the jury believe that it was the intention and agreement of the parties to this suit that the arbitrators should pass upon the claim of Freas and wife the award would be valid."

4. If the jury believe that the statement and proceedings of William A. Marr before the arbitrators was without the knowledge and authority of Collins, the reception of such statement by the arbitrators was such an irregularity as would vitiate the award, and the verdict must be for the defendant.

Answer. "Mere immaterial irregularities will not vitiate an award at common law. Both at common law and statute such an award is assailable for corruption or misbehavior. There is no allegation of that here. If Mr. Marr had no authority from Mr. Collins to represent him before the arbitrators, but did appear on his own motion, and if no prejudicial or improper act was done by him against the interest of Mr. Collins, that fact in itself would not be such an irregularity as would be sufficient to render the award invalid "

In the charge the court said:

"On the part of the plaintiffs it is contended that as this judgment was opened on the affidavit of the defendant that he will not be allowed to avail himself of technical objections, but must rest upon the merits of his case.

" This is no doubt the law as a general proposition."

The verdict was for the plaintiff for $1768.75.

The defendant sued out a writ of error.

He assigned for error.

1–3. The rulings on the questions of evidence.

4, 5. The answers to the plaintiff's 2d and 3d points.

6. The answer to the plaintiff's 4th point.

7. The portion of the charge given above.


*G. E. Farquar* and *F. W. Hughes*, for plaintiff in error.—The record of judgment set aside is not evidence: Ridgely *v.* Spencer, 2 Binn. 70 ; Leeds *v* Bender, 6 W. & S. 318. When a judgment is opened without terms, the trial is to be had as if no judgment

[Collins v. Freas.]

had been entered: Carson v. Coulter, 2 Grant 124; Dennison v. Leech, 9 Barr 165.

The question to Marr on cross-examination as to his interest in the case was not collateral, but important to show the motives of the witness; he denying that he had made the statements as to which he was questioned, he might be contradicted: 1 Stark. Ev. 1351; Greenleaf's Ev., sect. 450; Gaines v. Commonwealth, 14 Wright 327. There is no evidence that any claim of Mrs. Freas was submitted to the arbitrators; the dispute was between Freas and Collins only. The contract of reference would not bind her, and therefore as to her was not binding on the plaintiff: Addison on Contracts 21.

J Ryon and J. W. Ryon, for defendant in error.—The record of the judgment for want of affidavit of defence was proper to show that it was opened upon grounds that went to the merits; and if proper for any purpose it was admissible: Kauffelt v. Leber, 9 W. & S. 93; Appleton v. Donaldson, 3 Barr 389; Chambers v. Lapsly, 7 Id. 24; Forster v. Shaw, 7 S. & R. 156; McKee v. Jones, 6 Barr 425. The defendant under the circumstances cannot avail himself of a technical objection: Eckel v. Snevily, 3 W. & S. 272. Every reasonable presumption will be made to sustain such an award: Hollingsworth v. Leiper, 1 Dall. 162.

Mr. Justice Mercur delivered the opinion of the court, May 10th 1875.

The first assignment is to the admission in evidence, of the record of the judgment previously taken in the case. The judgment had been opened generally. No conditions or restrictions had been imposed on the defendant therein. The pleas subsequently entered struck at the root of the award on which the action was founded, and denied the existence of any indebtedness; the trial then was to be had as if no judgment had been entered. The same burden of proof was imposed on the plaintiff. It gave to the defendant the same defences that were open to him at the commencement of the suit: Leeds v. Bender, 6 W. & S. 315; Dennison v. Leech, 9 Barr 164; Carson et al. v. Coulter et al., 2 Grant 121; West v. Irwin, 24 P. F. Smith 258. The record was therefore inadmissible. The language of the court in their charge to the jury in relation to it was further calculated to prejudice the case.

Regularly proof of the submission should precede the award; but the order in which the evidence shall be given is so far within the discretion of the court, that the second assignment is not sustained.

If the witness, Marr, was interested in having the award made in favor of Freas, and he, Marr, without the knowledge and au-

27 P. F. Smith—32

[Collins *v.* Freas.]

thority of Collins, went before the arbitrators and influenced their decision, the evidence covered by the third assignment should have been received. His position was, in that case, not merely that of a witness whose answer to a collateral question cannot be contradicted, but a party to the alleged illegal award.

The fourth and fifth assignments will be considered together.

It seems to us too clear for argument, that in so far as an award is in regard to a claim not submitted to the arbitrators, and between persons not parties to the submission, it is bad. Nor can the mere recital, in an award, of the submission, be proof of the existence of a submission, nor of its terms.

To the extent that the learned judge qualified his answers to the points covered by these two assignments we think he erred. The points should have been affirmed. The remaining assignments are not sustained any further than we have already stated.

Judgment reversed and a *venire facias de novo* awarded.