### McGOWAN v. KNITTEL et al.*

#### (Circuit Court of Appeals, Third Circuit. May 11, 1905.)

#### No. 34.

1. BANKRUPTCY—INSOLVENCY—BURDEN OF PROOF.

Where, on an involuntary bankruptcy petition, defendant traversed the allegation of insolvency, and prayed a trial by jury, as provided by Bankr. Act July 1, 1898, c. 541, § 1, subd. 15, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3419], and he appeared in court with his books, etc., as required by section 3, the burden of proving insolvency was on the petitioners.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 137.]

2. SAME—EVIDENCE—JUDGMENT.

Where a judgment in a state court against an alleged involuntary bankrupt had been opened, and the bankrupt permitted to appear generally and defend, without conditions, such judgment was inadmissible as an established indebtedness against the bankrupt on an issue of his insolvency.

In Error to the District Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 134 Fed. 498.

Samuel Scoville, Jr., and Charles H. Edmunds, for plaintiff in error.

Samuel W. Cooper and Wm. F. Johnson, for defendants in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. An involuntary petition in bankruptcy was exhibited against the appellant, in which it was alleged that he was insolvent. He traversed this allegation, and prayed a trial by jury. Such trial was had, and a verdict finding the fact of insolvency was rendered. It is here averred that the rulings and charge of the court upon that trial were in several particulars erroneous; but in our opinion the record discloses but one reversible error, and to its consideration solely this opinion will be directed.

The trial was conducted in accordance with section 1, subd. 15,

---

* For dissenting opinion, see 137 Fed. 1015.

Bankr. Act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3419]), upon the theory that the existence or nonexistence of the insolvency alleged was to be ascertained by determining whether "the aggregate amount of his [the alleged bankrupt's] property" was, "at a fair valuation, sufficient in amount to pay his debts." This was the precise issue, and, as the alleged bankrupt appeared in court with his books, etc. (section 3 of the act), the burden of proving that his property would not suffice to pay his debts rested upon the plaintiffs. This burden they assumed by offering evidence to show, in detail, what debts were owing by McGowan, and of what his property consisted, and the value thereof. Under the first head, they produced the record of a judgment of the court of common pleas No. 4 of the county of Philadelphia for $1,693.38, wherein Frank J. Nealis was plaintiff, and John A. Mc-Gowan and Arlington S. Wolfe were defendants; and this record the court admitted in evidence, notwithstanding the objection of counsel for McGowan, that it appeared therefrom (and the fact was admitted) that the judgment disclosed by it had been opened by the court in which it had been entered. In overruling this objection, the learned judge, referring to the record adduced, said: "It is admissible at present. The effect of it is a question to be determined hereafter. The offer is admitted." He, however, did not, at any time during the trial, again allude to the subject, and therefore the final result of his action was to accord to an opened judgment evidential, if, indeed, not conclusive, weight upon an inquiry as to whether one of the defendants therein was liable for the demand upon which the judgment had been founded. In the opinion on the motion for new trial it is suggested that "it was a subsisting claim, and if he [McGowan] had a defense to the claim as a subsisting one against his estate in bankruptcy he could have made it before the jury." We are unable to concur in the view indicated by this suggestion. The question for the jury was not whether a claim was pending, but whether the debt claimed really existed; and the burden of proof as to that question, which, as we have seen, rested at the outset upon those who alleged the insolvency of McGowan, could not be shifted by the production of a judgment which had been so dealt with as to preclude its acceptance, even by the court of its origin, as tending to establish an indebtedness by the defendants therein. So far as is disclosed by the record before us—and the appellees have in no way alleged the fact to be otherwise—this judgment was opened generally and unconditionally. It is true that in the brief of the plaintiff in error it is said that it "was obtained on a bond the consideration of which was illegal and void, and when the facts were presented to the court of common pleas this judgment was opened, the court ruling that a judgment would not lie on such a bond." But even if this statement could properly be regarded as an admission, which, as such, should be dealt with as if it were contained in the record itself, yet we think it would be immaterial. We are concerned only with the action of the common pleas court, and not with the grounds upon which its action was based. It might have opened the judgment on

terms, and, perhaps, it ought to have done so; but having opened it without conditions, the consequence is that the burden of proof on the pleadings (which it neither limited nor prescribed) was on the plaintiff, and not on the defendant. "The judgment was opened generally, and the defendants let into a defense without restriction. Under such an order the judgment remains as a security for whatever may be found due, but in all other respects the trial must be had as if no judgment had been entered." Dennison v. Leech, 9 Pa. 164; West v. Irwin, 74 Pa. 258. In the case of Cannell v. Crawford County, 59 Pa. 200, the judgment had been opened on terms, confining the defendant to the plea of "payment, with leave to give the special matter in evidence," and what was decided is that upon such plea the burden is upon the defendant. But in the later case of Collins v. Freas, 77 Pa. 493, where the judgment, as in this instance, had been opened generally, the Supreme Court of Pennsylvania said:

"The trial then was to be had as if no judgment had been entered. The same burden of proof was imposed on the plaintiff. It gave to the defendant the same defenses that were open to him at the commencement of the suit. * * * The record was therefore inadmissible."

These authorities seem to us to be conclusive upon the point we have discussed, and to require that the judgment of the court below shall be reversed, with direction to grant a new trial.

It is so ordered.