# West *versus* Irwin.

1. A judgment was entered by warrant of attorney against a defendant; it was opened without conditions, and defendant let into a defence; the defendant pleaded "*non est factum*, and payment with leave." This pleading threw the burden on the plaintiff, and the record of the judgment was not primâ facie evidence for him.

2. The entry of judgment by the prothonotary did not tend to show that the defendant executed the note.

3. The opening of the judgment left the burden and mode of proof just as if the judgment had not been entered.

4. Cannell *v.* Crawford County, 9 P. F. Smith 198; Dennison *v.* Leech, 9 Barr 164, remarked on.

October 11th 1873.   Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the District Court of *Allegheny county*: No. 11, to October and November Term 1873.

On July 9th 1869, in the District Court of Allegheny county, judgment was entered in favor of Joseph Irwin against Joseph West, for $1920, on a single bill, with warrant of attorney dated February 1st 1869.

On the 8th of April 1871, a rule was granted to show cause why the judgment should not be opened and the defendant let into a defence.

On the 3d of February 1872, the judgment was opened, and the defendant let into a defence—"the plaintiff to file a declaration on the note, and the defendant to plead thereto." The defendant pleaded "*non est factum* and payment with leave, &c."

The issue was tried December 5th 1872, before Kirkpatrick, J.

The plaintiff offered in evidence the record of the opened judgment, "for the purpose of showing a primâ facie case and the right of the plaintiff on the record to recover on this issue."

The defendant objected to the offer. It was admitted by the court, and a bill of exceptions sealed.

The plaintiff, having given the record in evidence, rested, and the defendant moved for a nonsuit, which was refused. The defendant asked the court to instruct the jury that the plaintiff could not recover on the pleading and evidence in the case. This request was refused, and a verdict was rendered for the plaintiff for $1694.90.

The defendant took a writ of error, and assigned for error: the admission of the plaintiff's evidence and the instruction of the court.

*H. A. Collier* and *A. M. Brown*, for plaintiff in error.

*W. S. Miller*, for defendant in error.

[West *v.* Irwin.]

The opinion of the court was delivered, March 2d 1874, by'

WILLIAMS, J.—The single question in this case is whether the record of the judgment was admissible as primâ facie evidence of the defendant's execution of the note, and of the plaintiff's right to recover thereon. If payment with leave to give the special matter in evidence had been the only plea, as in Cannell *v.* Crawford County, 9 P. F. Smith 168, there would have been no error in the admission of the record, for the plea would have confessed the cause of action on which the judgment was entered. But there was also the plea of *non est factum*, and under the issue formed thereon, the burden of proof was on the plaintiff. If the record tended to establish the issue, or aid the jury in its determination, it was properly admitted; but if it shed no light on the subject whatever, it was error to allow it to go to the jury as primâ facie evidence of the fact alleged on the one side and denied on the other. What, then, did the record show, and what possible inference could be drawn from it touching the matter in issue? It showed that the prothonotary had entered judgment against the defendant on the note, and that the court had opened the judgment and let the defendant into a defence. The entry of the judgment on the note did not tend to show its execution by the defendant any more than the opening of the judgment tended to show that the note was not made by him. The entry and the opening of the judgment left the burthen and mode of proof, just as they would have been if the judgment had not been entered. It was opened without condition, and under such an order as said by Rogers, J., in Dennison *v.* Leech, 9 Barr 164, the judgment remains as a security for whatever may be found due; but in all other respects, the trial must be had as if no judgment had been entered.

Judgment reversed, and a *venire facias de novo* awarded.