## Conmey *versus* Macfarlane, Administrator of Overton.

1. In a suit on a promissory note, between the immediate parties, in which the defence is want of consideration and sufficient evidence has been given to rebut the prima facie consideration imported by the note itself, the burden remains upon the plaintiff to satisfy the jury, upon all the evidence in the cause, that the note was founded on a valuable consideration.

2. A distinction exists, with regard to the burden of proof, between the defence of want of consideration, and that of failure of consideration; the latter being an affirmative proposition, the burden of proving it always rests on the defendant.

3. The court below instructed the jury, that if they found the note in suit was given by defendant to plaintiff, to secure payment of money stolen by defendant's son, without any threat or promise by plaintiff to have the son's sentence made heavier or lighter, the transaction was lawful, and the note, if based upon it, was for a sufficient consideration. *Held*, to be error. A note given to secure the payment of damages, arising from the tort of a stranger, without other consideration, is *nudum pactum*.

March 9th 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Bradford county*: Of January Term 1881, No. 42.

Assumpsit, by Edward Overton against John Conmey, on a promissory note given by defendant to plaintiff for $450. The plaintiff died before trial, and his administrator, James Macfarlane, was substituted.

On the trial, before MORROW, P. J., the plaintiff put the note in evidence and rested. The defendant set up want of consideration, and produced evidence to the following effect: In December 1877, Edward Overton was robbed of between $600 and $800,

[Conmey *v.* Macfarlane.]

and some valuable papers, by Richard Conmey, son of John Conmey, the defendant. Richard was arrested, tried and found guilty. After his conviction, and before his sentence, the defendant called on the plaintiff with the view of securing his influence to prevent his son's sentence, or get it made lighter. He paid Mr. Overton $200 in money and gave him the note in suit for $450, of which $50 was to pay Overton's attorney's fee, and the balance to secure repayment of the amount stolen. The defendant immediately after giving the note said, "I hope you will do all in your power for my boy—it is breaking his mother's heart," to which the plaintiff replied, "Get that out of your head; I have told you several times that I could not do anything with the court—that would be impossible—what I would do and could do is through the influence of counsel." Subsequently the defendant's daughter called upon Overton, in relation to using his influence in behalf of her brother, when Overton stated that he would do nothing unless he first got the amount of the note in money, and the stolen papers returned. Richard Conmey was afterwards sentenced to imprisonment in the penitentiary.

The defendant presented the following points:

1. That if the jury find from the evidence the consideration given for the note upon which suit is brought, was in whole or in part that Edward Overton was to use his influence to have the sentence of Richard Conmey made lighter, the consideration for said note was illegal, and the plaintiff cannot recover.

"Affirmed."

2. That unless the jury find from the evidence that John Conmey has received a valuable consideration for said note, the plaintiff cannot recover.

Ans. "Under the evidence in this case this point is denied, but we say that the note itself purports a consideration, and if you find it was given by the defendant to Mr. Overton to secure part payment of the money which Richard Conmey stole from him, without any threat or promise on Mr. Overton's part to have Richard's sentence made heavier or lighter, the transaction was lawful, and the note, if based upon it, was for a sufficient consideration, and the plaintiff may recover."

3. That under all the evidence in the case the jury should find in favor of the defendant.

"Refused."

In the general charge the court said:

"If on the other hand, you find that Mr. Overton had a claim against Richard for money stolen of him by Richard, and in settlement and adjustment of this claim, John Conmey voluntarily paid $200 in money, and gave this note to secure the payment of the remainder, and there were no threats or promise on the part of Mr. Overton as just mentioned, the plaintiff may recover."

[Conmey v. Macfarlane.]

After the jury had been out several hours they came into court, and inquired if the payment of Mr. Overton's claim against Richard would extinguish it. They were instructed it would—that if the representative of Mr. Overton were to bring suit against Richard, proof of payment of the debt or claim by John Conmey, would be a complete defence.

Verdict and judgment for the plaintiff for $500.75.

The defendant took this writ of error, assigning for error the answers to his second and third points as above.

*L. M. Hall* and *D. C. De Witt*, for the plaintiffs in error.— The note in suit was simply a promise by John Conmey to pay the pre-existing debt or damages of another, founded on no new consideration, and it was, therefore, void for want of consideration: Bixler *v.* Ream, 3 P. & W. 282. The court instructed the jury, however, in answer to our second point, that the giving of the note to secure payment of the money stolen by the son, was a sufficient consideration. This was clearly error. There was no evidence of an agreement by Overton to take the note in payment, nor to release his claim against the son. The instruction took the case from the jury on the question of want of consideration, and left them free to find a verdict for the plaintiff, whereas the court should have directed a verdict for defendant, as requested in our third point.

*John F. Sanderson* (with whom were *Edward Overton, Jr.*, and *William Maxwell*), for the defendant in error.—The real and sufficient consideration for the note was the adjustment and settlement of Edward Overton's unliquidated claim for damages *in tort* against Richard Conmey. The note was not given as security for a pre-existing debt of Richard Conmey; for his civil liability, under the 71st section of the Act of March 31st 1860 (Purd. Dig. 392, pl. 16), was in trespass. In consideration of the cash payment and of the note, Overton fixed his claim at $650, which before was unliquidated because the precise sum stolen was unknown, and the value of the papers was not fixed; moreover, he was entitled to damages for the trespass. The answer to the second point is not error when read in connection with the charge, which covered the same ground. The settlement and adjustment of the claim for damages, by payment of part cash and giving the note, was the question submitted to the jury, and in this there was no error.

Mr. Justice TRUNKEY delivered the opinion of the court, March 28th 1881.

A simple contract, oral or written, without consideration, is void, and no action can be maintained upon it. The law requires that the consideration should be valuable to support an action to enforce

an executory contract; but some loss or inconvenience to the promisee upon his entering into the contract, or some benefit to the promisor, is deemed a valuable consideration. Where a benefit is done to a third person, at the request of the promisor, it is sufficient to support his promise. As where a person contemporaneously becomes surety for the debt, or for the performance of a duty, of a third person, he renders himself liable thereupon. The consideration is the favor the surety receives from a compliance with his express or implied request that credit should be given to the principal. But unless the promise be contemporaneous with the original debt and constitute the inducement thereto, it is not binding. A guaranty of a debt already contracted, or of a contract already made, without a new consideration, is void. Where there is a promise to pay the pre-existing debt of another person to his creditor, there must be a new consideration to support it; for the original consideration of the principal's contract cannot be so extended as to support the new promise. Bills of exchange and promissory notes differ from other simple contracts in this, that in an action on a bill or note a consideration is to be presumed, until the contrary appear by evidence. The defendant may give proof of want of consideration, of failure of consideration, or that the consideration was illegal; and the only difference between a note or bill and any other contract, as between the immediate parties, is, that the burden of proof respecting consideration, in a certain sense, is shifted. These elementary principles guide to a correct conclusion in the pending case.

The defence is, want of consideration for the note sued upon, and the burden, in the first instance, is on the defendant to rebut the prima facie case the plaintiff made by producing the note. But having given such rebutting testimony, consideration being the only fact in issue, it devolved on the plaintiff to satisfy the jury that it existed. To maintain an action on a simple contract the plaintiff must prove the consideration, and where the contract is a note the note itself is prima facie evidence of a consideration. Where a want of consideration is relied on in defence of an action on a promissory note, and evidence is given on the one side in the affirmative, and on the other side in the negative, the burden of proof is on the plaintiff to satisfy the jury, upon the whole evidence, of that fact: Delano *v.* Bartlett et al., 6 Cush. 364. In that case it was said, that it was incumbent on the plaintiff to prove a consideration for the note, which she did by producing it and making a prima facie case. It was competent for the defendants to rebut this evidence, and they offered testimony for that purpose. The evidence on both sides applied to the affirmative or negative of the same issue or proposition of fact, a consideration for the note, and the plaintiff's case requiring her to establish the fact, the burden of proof was all along on her to satisfy the jury,

[Conmey v. Macfarlane.]

upon the whole evidence in the case, of the fact of a consideration for the note. Want of consideration was distinguished from failure of consideration, the latter being a distinct proposition the burden would be on the defendant to make it out against the prima facie case of the plaintiff.

It follows that the defendant's second point, to wit: "That unless the jury find from the evidence that John Conmey has received a valuable consideration for said note, the plaintiff cannot recover," should have been affirmed.

Not only was said point denied, but the jury were instructed that the note itself purports a consideration, and if they found it was given by defendant to Overton to secure part payment of the money which Richard Conmey stole from him, without any threat or promise by Overton to have Richard's sentence made heavier or lighter, the transaction was lawful, and the note, if based upon it, was for a sufficient consideration, and the plaintiff may recover. This, we think, was grave error. The note does purport consideration, but not conclusively, and if there was evidence on both sides respecting that fact, the jury would weigh the evidence of the note with the other. It was unquestioned that the note was given by defendant to Mr. Overton to secure part payment of the money which Richard Conmey stole from him. And there is not a scintilla of evidence, outside the note, of any consideration for it. And if the jury found the fact just as stated in the answer to the second point, there was no consideration, and the plaintiff was not entitled to recover.

The defendant urges that the principle that a note, given by one person for a pre-existing debt owing by another is void unless there be a new consideration, has no application, because the note in this case was not given for a debt due or to become due, "but to ascertain, fix, determine and settle an unliquidated claim of damages in tort, and the consideration, so far as John Conmey was concerned, was that very fixing, determination, liquidation and settlement." If given for damages arising from the tort of another person, the reason for requiring an immediate consideration for the note is quite as strong, if not stronger, than if given for a debt already contracted. John Conmey was under no obligation to pay the stolen money—there was no claim against him to be adjusted and settled. He gave his nude promise to pay a certain sum. There is no pretence that the evidence shows a settlement of Overton's claim against Richard. He was not released. No time was given him. He could have been sued immediately, and Overton would have been entitled to full damages, deducting only the money actually paid by John Conmey.

If one person have been guilty of a wrongful act which would render him liable in damages to another, and he promise to pay the injured person a sum of money as compensation, this is a mere

[Conmey *v.* Macfarlane.]

gratuitous promise, unless made in consideration of the injured person releasing his right of action for such damages: Smart *v.* Chell, 7 Dowl. 781. That action was against an attorney who had neglected his client's cause, which neglect resulted in the client's compulsion to pay 14*l.* for costs. Motion was made in arrest of judgment on the ground that the declaration failed to show a consideration for the alleged promise, and judgment was arrested. Among other things, the court remarked: "The declaration goes on to state another promise, that in consideration of the premises the defendant promised to pay half the amount of those costs, and alleged a breach by non-payment of the 7*l.* Now, no rule is more clear in law than that the consideration for a promise must move from the plaintiff; then I must see what this plaintiff has done or suffered, or what the defendant has gained; the detriment to the plaintiff must be the immediate consideration for the promise alleged. Suppose an assault had been committed, and an action of assumpsit was brought for non-payment of a sum agreed to be given for the injury done, and the declaration did not state a release of action for the assault. It is not, therefore, enough that there be a collateral consideration for the promise, but there must be an immediate consideration."

Applying that doctrine to this case, it is clear that if the note was given merely to secure part payment of the money which Richard Conmey stole, the plaintiff is not entitled to recover. If it was based on Richard's crime, and there was no immediate consideration therefor, it was *nudum pactum*, as would have been Richard's promise to pay Overton a sum of money for the injury done, without a release by Overton of his right of action for damages.

Judgment reversed, and *venire facias de novo* awarded.

Mercur and Sterrett, JJ., dissent, as the facts proved do not justify the application of the law as stated.