# Cornog, Appellant, *v.* Wilson.

*Evidence—Writings—Alterations—Negotiable  instruments—Promissory notes.*

1. When it clearly appears on the face of a writing that it has been altered in a material part, it is incumbent on the party producing it to account for the alteration, and until this is done it is not admissible in evidence.  This rule is more stringent when applied to negotiable paper than to other written instruments and in relation to it there is no presumption of innocence and the burden of explaining any apparent material alteration is cast on the holder thereof.

2. In an action upon a promissory note which was on a printed form containing the printed figures 188 at the place for the date, and it

appears that the figure nine had been written over the second eight, and the figure four added, making the date 1894, and that the statute of limitations was a bar if the year had been 1884, the note is not admissible ·in evidence without proof that the alteration and date had been made before the execution of the note.

Argued Jan. 23, 1911. Appeal, No. 285, Jan. T., 1910, by plaintiff, from order of C. P. No. 1, Phila. Co., June T., 1900, No. 415, refusing to take off nonsuit in case of E. Clara Cornog v. William F. Wilson et al., executors of the estate of Norris Wilson, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZIS-KER, JJ. Affirmed.

Assumpsit on a promissory note for $6,500 by payee against the maker's executors. Before MAGILL, J.

The opinion of the Supreme Court states the case.

*Errors assigned* were (1) in refusing to admit the note in evidence, and (3) in directing a nonsuit.

*V. Gilpin Robinson,* for appellant.—Under the rules of court of Philadelphia county, defendants are taken to admit the note to have been duly executed in the manner and form as pleaded, and the note should have been admitted in evidence: Batt v. Penna. Globe Gas Light Co., 18 Phila. 357; Zeigler v. Sprenkle, 7 W. & S. 175.

There was no presumption of alteration in this case because the note was made out on a printed form and the only change was in adapting the printed form to such use: Heffelfinger v. Shutz, 16 S. & R. 44; Zimmerman v. Camp, 155 Pa. 152.

A doubtful case should go to the jury: Colonial Trust Co. v. Getz, 28 Pa. Superior Ct. 619; Gettysburg Nat. Bank v. Gage, 4 Pa. Superior Ct. 505; Winters v. Mowrer, 1 Pa. Superior Ct. 47.

*Alfred R. Haig,* with him *William F. Harrity, Henry C. Thompson, Jr.,* and *J. Albert Miller,* for appellees.—A promissory note which shows on its face a material altera-

tion is not admissible in evidence without an explanation of the alteration showing that it was lawfully made: Hartley v. Corboy, 150 Pa. 23; Nesbitt v. Turner, 155 Pa. 429; Sunday v. Dietrich, 16 Pa. Superior Ct. 640; Colonial Trust Co. v. Getz, 28 Pa. Superior Ct. 619; Shiffer v. Mosier, 225 Pa. 552; Clark v. Eckstein, 22 Pa. 507.

OPINION BY MR. CHIEF JUSTICE FELL, April 10, 1911:

This was an action on a promissory note dated March 6, 1894, made by the defendant's testator to the plaintiff. At the trial the plaintiff offered in evidence the note which was on a printed form containing the printed figures 188 at the place for the date. The figure 9 had been written over the second 8 and the figure 4 added, making the date 1894. From an inspection of the note it appears that the only part in the handwriting of the maker is the signature. The lines of the figure 9 are much heavier than any other figures on the note and obscure the parts of the figure 8 which they cover, but there is no marked difference in the color of the ink used in making them and that used in filling the blanks in the form and no erasure or scratching is shown. If the year was 1884, the statute of limitations was a bar to a recovery. At the trial the admission of the note in evidence was objected to without proof of the signature of the maker and that the alteration in date was made before its execution. The objection was sustained upon the second ground and a nonsuit was entered because of the failure of the plaintiff to prove her case.

There was no denial by the affidavit of defense of the execution of the note, and the plaintiff was relieved by the rules of court from proof of the signature of the maker, but the admission for the purpose of evidence went no further than this. The note was properly rejected as evidence of a debt in the absence of proof that the alteration in date was made before delivery. When it clearly appears on the face of a writing that it has been altered in a material part, it is incumbent on the party producing

it to account for the alteration, and until this is done it is not admissible in evidence. This rule is more stringent when applied to negotiable paper than to other written instruments, and in relation to it there is no presumption of innocence and the burden of explaining any apparent material alteration is cast on the holder thereof: Simpson v. Stackhouse, 9 Pa. 186; Neff v. Horner, 63 Pa. 327; Nagle's Est., 134 Pa. 31; Hartley v. Corboy, 150 Pa. 23; Citizens' Nat. Bank v. Williams, 174 Pa. 66; 2 Daniel on Negotiable Instruments, sec. 1417. In Nagle's Est., supra, it was said, "As a general rule, the law presumes in favor of innocence, but this presumption does not extend to the alteration of negotiable instruments," and in Bank v. Williams, "The tendency of all our recent decisions is to hold parties more strictly responsible for alterations of any kind, particularly in the case of negotiable instruments." The alteration in the date was obviously beneficial to the plaintiff, and there being no presumption that it was made before the signing of the note, the burden of explanation was on her.

The judgment is affirmed.