## Brauner, Appellant, *v.* Corgan et al.

Argued May 23, 1934.   Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*G. J. Clark,* for appellant.

*Ben R. Jones, Jr.,* with him *Frank A. McGuigan* and *Frank Wm. McGuigan,* for appellees.

OPINION BY MR. JUSTICE DREW, June 30, 1934:

This is an issue of interpleader to determine the ownership of the proceeds of two policies of insurance issued upon the life of James Corgan, who died on June 3, 1931. Suit was brought upon the policies by Samuel Brauner, claiming as assignee; the company filed a petition for interpleader, admitting liability but stating that the proceeds were also claimed by decedent's widow and minor son. The court below thereupon awarded the present issue; the jury found in favor of decedent's widow and son, and from the judgment entered in their favor Brauner appealed, assigning as error the refusal of his motion for judgment n. o. v. No question is raised as to the regularity of the issue or of the proceedings thereunder.

Viewed in the light most favorable to appellees, as it must be, the evidence discloses the following facts: In 1926 Corgan, being heavily indebted to appellant, named him as beneficiary under the policies in question, in place of Leo Corgan, his brother, and later in the same year he assigned the policies to appellant as collateral security for this indebtedness. The Consumers Auto Supply Company, a corporation of which Corgan was president, also owed appellant a considerable sum of money. This corporation owned a large garage building, title to which was in Corgan as trustee, and in 1928 a judgment creditor of the corporation threatened to sell the building under execution. To protect appellant's interests, as

well as those of the corporation, an arrangement was proposed whereby appellant was to buy up this and other judgments against the corporation, which, in turn, was to lease to him the garage building for ten years at a nominal rental, he to manage the building and apply the revenues therefrom toward the payment of his claims against Corgan and the corporation. On August 9, 1928, an agreement and a lease to this effect were drawn up and executed. The agreement contained a clause providing that all papers and securities held by appellant as collateral security for his claims against the corporation and Corgan should be surrendered by him upon the signing thereof, and that he should "look to this agreement as a means of satisfying all debts in full." Although he executed the agreement, appellant later refused to carry it out, and the building was eventually sold at sheriff's sale. He also refused to surrender the policies which Corgan had assigned to him.

On June 1, 1931, Corgan wrote the insurance company a letter, in which he directed it, in case of his death, not to pay the proceeds of the policies to appellant, but to pay them "to the beneficiaries named in the policies." No endorsement of change of beneficiary was made on the policies, which have remained in appellant's hands ever since their assignment to him. On June 25, 1931, Leo Corgan, claiming to have been reinstated as beneficiary by virtue of the letter of June 1, executed to appellees an assignment of his interest in the proceeds of the policies, and it is upon this instrument that their claim is founded.

It is contended by appellant that Corgan did not effectively name his brother as beneficiary. His first argument in support of this contention is that the letter, because of decedent's use of the words "in case of my death," was not a present change of beneficiary but a mere testamentary direction as to how the proceeds should be paid. This contention is wholly without merit. The policies would become payable to a bene-

ficiary only in case of Corgan's death, and he did not, by the use of these words, negative an intention on his part to reinstate his brother as beneficiary. It is apparent from the terms of the letter that this is exactly what he wished to do. Equally without merit is appellant's second argument, that there was no change of beneficiary because no endorsement of the change was made on the policies. True, it is provided in the policies that a change of beneficiary must be made by written notice to the company, accompanied by the policy for endorsement of the change thereon, and that unless so endorsed the change shall not take effect. It was, however, impossible for Corgan to return the policies for endorsement, for they were in the hands of appellant, who had refused to surrender them. Corgan executed and delivered to the company a written notice of change of beneficiary, and under the situation as it then existed this was as much as he could do to effectuate his purpose. Under such circumstances the fact that the policies were not returned or endorsement made is not fatal to a change of beneficiary: Riley v. Wirth, 313 Pa. 362; Sanes's Est. (No. 1), 91 Pa. Superior Ct. 466; see Sproat v. Travelers Ins. Co., 289 Pa. 351; Ruggeri v. Griffiths, 315 Pa. 455, opinion this day filed. Endorsement was a mere ministerial act, intended solely for the protection of the company; the latter has not been harmed and has made no objection.

Appellant argues, however, that Corgan had no power to change the beneficiary of his insurance policies because they had been assigned to him. It is clear that the clause in the agreement providing that appellant should surrender all collateral held by him and look to the agreement as a means of satisfying his claims in full is, if binding upon him, a release of his rights under the policies. He argues, however, that the agreement is not binding upon him, (1) because it was not delivered by him; (2) because it was not properly executed by the corporation; and (3) because there is no proof that the

officers who acted for the corporation had authority to execute an agreement that the revenues of its building should be applied to Corgan's personal indebtedness.

As to the question of the delivery of the agreement, it is sufficient to say that while the testimony on the point was conflicting there was ample evidence to support the jury's finding of delivery, and we are therefore bound by it: Girsh v. Rolland, 285 Pa. 141; Adams v. Gardiner, 306 Pa. 576; Baiz v. Atlantic Refining Co., 314 Pa. 17.

The contention of appellant that the agreement was not properly executed by the corporation is based on the fact that it was signed only by appellant and by Corgan as trustee. However, appellant concedes that the lease, which was signed by Corgan as president of the corporation and by its secretary, and which bears its corporate seal, was properly executed by the corporation, under the terms of the Act of May 12, 1925, P. L. 615. The lease begins on the same sheet of paper on which the agreement ends, and refers specifically to the agreement. The two must, therefore, be considered as substantially a single instrument. Since there are no blank signature lines or other indications of incomplete execution, it follows that the proper corporate execution of the lease must be held also to be a proper corporate execution of the agreement.

Appellant's final argument, that the release is not binding upon him because appellees failed to prove that the corporation's officers had authority to bind it by the terms of the agreement, is likewise without foundation. As the case now stands, appellees have proved a release, properly executed by appellant under seal, by which he surrendered his rights in the policies which had been assigned to him; they are not relying on that portion of the agreement which provided that the income from the company's building should be applied to Corgan's indebtedness, but upon appellant's release of the policies. If appellant had proved that the officers of the corpora-

tion lacked authority to bind it by such an agreement, this would have been a good defense to the release, on the ground of failure of consideration: see Benson v. Mole, 9 Phila. 66; Candor & Henderson's App., 27 Pa. 119; Anderson v. Best, 176 Pa. 498. But failure of consideration is an affirmative defense, and the burden was upon appellant to prove the facts establishing it (see Conmey v. Macfarlane, 97 Pa. 361; Baldwin v. Devereux Schools, 302 Pa. 569); this burden he made no attempt to meet.

Judgment affirmed.