PEOPLES BANK AND TRUST COMPANY, RESPONDENT, v. TILLIE KLUGHAUPT, MARTIN KLUGHAUPT AND HENRY KLUGHAUPT, APPELLANTS.

Argued May 7, 1935—Decided September 11, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the appellants, *Aaron Heller*.

For the respondent, *William N. Gurtman*.

PER CURIAM.

The bank sued on a note which was originally for $2,025, and reading as follows:

"No. 2025                Passaic, N. J., January 16, 1933.

One month after date I promise to pay to the order of myself Two Thousand Twenty-five Dollars at the Peoples Bank and Trust Company, Passaic, New Jersey.
Value received.
No.            Due Feb. 16.            TILLIE KLUGHAUPT."

The defense was that there had been a material alteration of the note by the payee and that it thereby became void under the provisions of the Negotiable Instruments act of 1902. 3 *Comp. Stat.*, p. 3749.

A payment of $25 on the note had been made and noted by the drawing of a line through the figures $2,025 appearing at the top of the note, and writing over them the figures $2,000. This marking was made in lead pencil by one of the bank officials for the guidance of the bank in later dealing with the note.

The modification, if such it could be called, is in our view not a material one, impairing the integrity of the instrument as contemplated by the Negotiable Instruments act. The figures at the top are not incorporated in the note itself, and would not from that fact be controlling in the proceedings to enforce payment. As appears from the writing itself, the note is dated at Passaic, New Jersey, January 16th, 1933. Below follows the promise to pay. The figures are at the upper left-hand corner and above the line of the date of the note. There was no material alteration of the note, for at least two reasons: One that, taken in connection with the admitted credit of the $25 payment and the testimony concerning it, the pencil marking was not an alteration, but a simple notation for the convenience of the bank that there had been a payment on account; and two, that in a legal sense the notation, even if an alteration, was not a material one as contemplated by the Negotiable Instruments act. The figures at the top of the note are no part of the promise itself, but the figures, as generally intended, were but a check on the writing embodied in the note and where there is a divergence the writing, containing the only words of promise in the note, must control.

The judgment is affirmed, with costs.