Poelcher *v.* Zink, Appellant.

Argued October 9, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Waldo P. Breeden,* with him *Harry E. Richter,* for appellant.

*Hubert I. Teitelbaum,* with him *Goldstock, Schwartz, Teitelbaum & Schwartz,* for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, January 4, 1954:

While plaintiff's claim in form is directed against the decedent's estate, the controversy from a practical standpoint is really one between Margaret Poelcher, a daughter-in-law of the decedent, and Pauline Zink, one of his daughters. Peter Poelcher, the decedent, had eight children who are still living, but in his will he devised one-third of his entire estate to his wife, and, in the event of her prior decease, to his daughter, Pauline, the present defendant; and the remaining two-thirds also to Pauline. Therefore plaintiff's recovery in this action will be against the property which de-

fendant obtained from the decedent, of whose will she is also the executrix.

Plaintiff's claim is on a note under seal for $3,-300.00, dated September 22, 1941, and containing a power of attorney to confess judgment. The note bears Peter Poelcher's signature. Judgment on the note was entered in 1947 for the principal amount together with interest and attorney's commission for collection as therein provided. Peter Poelcher lived for seven months after the entry of the judgment, but eleven days after his death Pauline Zink, his executrix, alleging that no consideration had been received by him, obtained a rule to show cause why the judgment should not be opened and she be permitted to enter into a defense. In support of her rule she, and witnesses on her behalf, gave depositions designed to establish failure of consideration, for, while a seal precludes a defense of *want* of consideration, it does not bar proof of *failure* of consideration. In opposition to the opening of the judgment plaintiff produced counter-depositions to show that there had not been any such failure but that consideration had in fact been given. The court below discharged the rule, but we reversed its order (*Poelcher v. Poelcher,* 366 Pa. 3, 75 A. 2d 656) and remanded the record with direction that the judgment be opened and the defendant let into a defense.

After the case had thus been returned to the court below defendant filed an affidavit of defense to plaintiff's statement which had accompanied the confession, and in it she asserted that Peter Poelcher had not executed the note as alleged but that alterations had been made to it which rendered it void; other than a claim that the note was barred by the statute of limitations and a general allegation that the decedent did not owe the sum named, no other defense was set forth in the pleading. Subsequently she filed an answer in which

she likewise asserted that decedent had not executed the note and that it had been altered and was thereby invalidated, but in this pleading also there was no allegation of failure of consideration. At the trial plaintiff offered evidence to prove decedent's signature to the note, presented the note under seal in evidence, and rested. The court refused a motion for a compulsory nonsuit and defendant then offered testimony concerning the relations between the decedent and his children which the court subsequently ruled out as irrelevant (as it obviously was), and also testimony to establish alleged alterations of the note. The court charged the jury that there was not sufficient evidence to warrant them in finding that there was any material alteration of the note that would affect its validity, and that therefore the only question for their consideration under the pleadings and the evidence was whether the signature on the note was that of the decedent, Peter Poelcher,—that is to say, whether he had executed the note. The jury returned a verdict for the plaintiff. The court refused defendant's motion for a new trial and defendant now appeals from the judgment entered in plaintiff's favor.

The sole purpose of opening a judgment entered by confession on a warrant of attorney is to let the defendant into any and all defenses he might have asserted had he not been precluded therefrom by the entry of the judgment. The proceedings being wholly de novo, the duty devolves upon the plaintiff to establish his prima facie case in the same manner and to the same extent as if he had begun by an action in assumpsit instead of entering an ex parte judgment. The burden and the mode of proof remain, in respect to both parties, just as they would have been had the judgment not been entered: *West v. Irwin,* 74 Pa. 258; *Collins v. Freas,* 77 Pa. 493; *Sossong v. Rosar,* 112 Pa. 197,

202, 3 A. 768, 771, 772; *Harris v. Harris,* 154 Pa. 501, 26 A. 617; *Long v. Morningstar,* 212 Pa. 458, 61 A. 1007; *Austen v. Marzolf,* 307 Pa. 232, 161 A. 72. In the *Sossong* case, it was said (p. 202, A. pp. 771, 772) : "These decisions and the reasonings upon which they are based establish that where a judgment entered upon a warrant of attorney, or even upon a default, is opened generally and without terms, the plaintiff is put to his proof of cause of action precisely as if no judgment had been entered. Consequently any defence which would have been available to the defendant if an action had been brought, instead of a judgment entered upon the instrument in suit, may be set up on the trial; the burden of proof is upon the plaintiff, and he must make out his case subject to the defendant's right to defeat him upon any ground that would have sufficed for that purpose if no judgment had been entered." In the *Austen* case, a judgment was entered by confession on a note; defendant, alleging that his signature was a forgery and made without consideration, obtained an order opening the judgment. The case then proceeded to trial and the court nonsuited plaintiff on the ground that he had not proved delivery of the note and consideration therefor. This court, however, reversed the court below. After affirming the above quotation from the *Sossong* case as stating "the true rule," we added (pp. 235, 236, A. p. 73) : "If plaintiff is put to proof of his cause of action precisely as if no judgment had been entered, it follows that the burden of proof is no greater than in an ordinary suit upon a promissory note where the defense is forgery . . . once plaintiff has proved the signature, consideration and delivery may be presumed from the fact that the instrument is under seal . . . These considerations relate only to the amount and nature of proof sufficient to raise a prima facie case for the jury. They

544

do not affect the well established rule that, where the judgment has been opened generally, it is competent for defendant to make any legal defense: . . . Plaintiff, however, is not required to anticipate a defense and sustain a greater burden of proof than is necessary normally. In other words, a plaintiff who relies upon a sealed instrument is not obliged to prove consideration to take the case to the jury. The seal imports consideration: . . . Nevertheless, where the judgment has been opened generally on the ground of forgery, it is competent for defendant to raise the question of consideration, despite the presence of the seal. The jury would then decide the issue."

Applying, then, these principles to the present case it is clear that plaintiff established a prima facie right of recovery by proof of the execution of the note and its presentation in evidence, since the opening of the judgment by confession did not, and could not, change the nature of the instrument in suit. Although our order, as in similar cases, provided that defendant should be let into a defense (presumably that of failure of consideration, that being the sole reason advanced by defendant for opening the judgment) defendant, as already stated, did not, in either her affidavit of defense or answer, plead failure of consideration, but only alleged alterations of the note and that decedent had not executed it. Under Pa. R. C. P. 1030, the defense of failure of consideration is purely an affirmative defense which must be so pleaded,—a rule which is merely the expression of a long line of decisions holding that the burden to prove failure of consideration is always upon the defendant.* Pa.

* *Conmey v. Macfarlane, Admr.*, 97 Pa. 361, 364, 365; *Anderson v. Best*, 176 Pa. 498, 500, 35 A. 194 (where a judgment on a bond under seal was opened on an allegation of failure of consideration but defendant failed to prove such a failure at the trial) ;

R. C. P. 1032 provides that such defense, if not pleaded, is waived.

On the present appeal, defendant's counsel apparently recognized the effect of the principles and rules thus discussed for neither in the statement of questions involved nor in the argument in his brief is there any contention that the opening of the judgment imposed upon the plaintiff the duty of proving that there was no failure of consideration. Indeed defendant's original claim of failure of consideration has obviously been completely abandoned, for the statement of questions involved (to which the present appeal is therefore limited) presents but a single contention; namely, that the trial judge should not have sustained plaintiff's objections to the introduction into evidence of certain enlarged photostats or "blow-ups" of the note. Defendant's purpose in offering these enlargements was to attempt to show, by increasing the size of the note, some change or variation not visible in the original. They were rejected by the court on the ground that they were not properly verified because the witness who produced them was not the party who photographed them nor was he present when they were made. While it is true that ordinarily a photograph may be admitted in evidence by testimony other than that of the photographer himself if the witness is familiar with the original and thereby able to testify that it is a correct picture of its subject matter (*Thompson v. DeLong*, 267 Pa. 212, 218, 110 A. 251, 253; *Commonwealth v. Luccitti*, 295 Pa. 190, 198, 145 A. 85, 89; *Adamczuk v. Holloway*, 338 Pa. 263, 265, 266, 13 A. 2d 4; *Commonwealth v. Swartz*, 40 Pa. Superior Ct. 370, 374, 375;

*Royer's Estate*, 217 Pa. 626, 628, 66 A. 854; *Piper v. Queeney*, 282 Pa. 135, 142, 127 A. 474, 477; *Brauner v. Corgan*, 316 Pa. 196, 202, 173 A. 397, 399; *Shinn v. Stemler*, 158 Pa. Superior Ct. 350, 352, 353, 45 A. 2d 242, 243.

*Marcinkiewicz v. Kutawich,* 87 Pa. Superior Ct. 260, 262; *Commonwealth v. White,* 160 Pa. Superior Ct. 522, 525, 52 A. 2d 360, 361) the court properly held that since these enlargements were to reveal something not clearly visible on the original note plaintiff should be entitled to know how they were made, the qualifications of the person performing the work, and the genuineness of the enlarged reproductions, as to which no one but the person who made the enlargements could authoritatively testify. Two of the enlargements which were testified to by the photographer himself were admitted in evidence and one of these was sent out with the jury, as was also the note itself.

The main alteration which appeared on the note consisted of a chemical erasure in the upper left-hand corner opposite the dollar sign. There was also some writing-over of three letters in the body of the note, but without any change whatever in the words themselves, and even defendant's own expert witness admitted that these write-overs were wholly innocent and innocuous. It is, of course, true that when it clearly appears on the face of a writing that it has been altered in a material part it is incumbent on the party producing it to account for the alteration, and until this is done it is not admissible in evidence: *Cornog v. Wilson,* 231 Pa. 281, 80 A. 174; *Miners Savings Bank of Pittston v. Naylor,* 342 Pa. 273, 280, 20 A. 2d 287, 291. But an alteration is not material if it does not effect any change in the legal obligation of the maker of the instrument. The Negotiable Instruments Law of May 16, 1901, P. L. 194, section 17, par. 1, provides that "Where the sum payable is expressed in words and also in figures, and there is a discrepancy between the two, the sum denoted by the words is the sum payable; . . . ." Section 125 enumerates the alterations of a note which are material, but, consistently with section 17, there

is not included in the list an alteration of the figures which state the sum payable if that sum is also denoted by words in the body of the note. It has therefore been consistently held that an alteration in the figures in the upper left-hand corner of a note is not a material alteration if the words clearly denote the sum payable: *Philadelphia National Bank v. Buchman,* 314 Pa. 343, 349-351, 171 A. 589, 591, 592; *People v. Lewinger,* 252 Ill. 332, 96 N.E. 837; *Peoples Bank and Trust Co. v. Klughaupt,* 13 N. J. Misc. 744, 180 A. 560; *Mumford v. Coghlin,* 249 Mass. 184, 144 N.E. 283; *Morris Plan Co. of New York v. Epstein,* 263 N. Y. S. 454. The words in the present note do show the amount payable, namely, "Three thousand three hundred Dollars," and therefore the erasure in the upper left-hand corner did not constitute a material alteration, as the court below properly held.

It appears that in his instructions to the jury the trial judge made a slight error in the calculation of the amount of interest and attorney's commission due, but this error was corrected by the filing of a remittitur ordered by the court.

Judgment affirmed.