## Navitsky v. Gregas

*Leonard G. Schumack*, for petitioner.

*W. J. Krencewicz*, for respondents.

STAUDENMEIER, J., January 10, 1966.—On July 27, 1962, a judgment for the sum of $358.35 was entered of record by plaintiff against respondents to September term 1962 no. 270, and on the same day, a writ of execution was issued.

Albert A. Gregas, one of the respondents, filed a petition to strike off the judgment, averring, inter alia,

that the obligation upon which judgment was entered and execution issued against respondent, Albert A. Gregas, contains no warrant of attorney permitting judgment to be confessed against respondent, and that the judgment, as entered, is improper, as well as the subsequent writ of execution and levy based upon the judgment. A rule was granted upon plaintiff to show cause why the judgment should not be stricken.

An answer was duly filed by plaintiff denying the averments of the petition, and averring further that the endorsement of defendants contains a confession of judgment upon which the judgment was entered.

A hearing was held on August 23, 1965, at which time the testimony revealed that the note in question was executed by defendants, Albert A. Gregas and Leo Slominsky, and that the endorsement was signed by defendants, Albert A. Gregas, Leo Slominsky and Peter W. Norris.

On the face of the note appears the following:

"Endorsement of Peter W. Norris.

Repayable at the rate of $35.83 per

month and a final payment $35.88".

On the rear of the note appears the following printed endorsement:

"For value received, I, we, each and all of us hereby become surety for the prompt payment at maturity of the within note and any renewal or renewals of same; and hereby waive protest, demand and notice of non-payment thereon, and we and each of us confess judgment in favor * of payee for amount of the within note, with costs, waiving exemption laws; if not paid at maturity".

To the left of the words "of payee" is an asterisk, and to the right of the final word "maturity" is an asterisk and the typed words "or assignee".

The endorsement is followed by the signatures: Albert A. Gregas, Leo Slominsky, Peter W. Norris.

The signatures are followed by the following, typed:

## "ASSIGNMENT

"The Miners National Bank of Shenandoah for value received, but without recourse and without warranties, express or implied, hereby assigns, transfers, and sets over the within agreement and Note and the other indebtedness secured thereby to John Navitsky".

The assignment is dated July 26, 1962, and bears the signature of John J. Yanalavage and his position as the bank cashier, the Miners National Bank of Shenandoah, Pa.

It is the contention of defendant, Albert A. Gregas, that the typewritten words "or assignee" were added after said defendants, Gregas, Slominsky and Norris, signed the endorsement, and that defendant, Gregas, had no knowledge of said addition; and, therefore, there was an illegal and void assignment; as a result, plaintiff, John Navitsky, has no standing in court.

Defendant, Gregas, testified that the typewritten words "or assignee" were not on the endorsement when he signed same on May 5, 1961.

John Yanalavage testified that he is the cashier of the Miners National Bank of Shenandoah, and held that position on May 5, 1961; that the note was signed in his presence; that the note was paid in full by Mr. Norris on July 26, 1962. His testimony as to the words "or assignee" and the assignment itself, follows:

"Q. Mr. Yanalavage, I direct your attention to some typing that appears on the back of that note, and I am specifically referring your attention to the words, 'or assignee,' which are after the printed part of the note. Was that on this note at the time that this note was signed by the three parties?

"A. No, sir.

"Q. And the word, 'Assignment', and the phrase that appears thereafter with your signature, was that on

this note at the time of the — it was signed by the parties?

"A. No, sir, that was put on there July 26, 1962.

"Q. Now, the words, 'or assignee;' that was typed on right after the printed part of this signature, of this note. At whose request were they put on?

"A. Well, I'll tell you, it's been three years since that's happened, and I don't know if it's been put on at the request of the endorser or who it was.

"Q. But it was not there at the time that this note was signed by the parties?

"A. No, sir.

"Q. It was put on when, Mr. Yanalavage?

"A. At the time the note was paid off in full.

"Q. And that would have been in July of '62?

"A. July 26, 1962": Notes of testimony, pages 11 and 12.

He further testified:

"Mr. Krencewicz: Now, Mr. Yanalavage, on this portion below the word, 'Assignment,' and all that portion below, when was that added?

"A. The date I accepted it, and here is the date here, July 26, 1962.

"Mr. Krencewicz: That was put on by the bank at the time of payment of the note and assignment to John Navitsky, is that correct?

"A. Yes, sir.

"Mr. Schumack: One more question, Mr. Yanalavage. At the same time that that was put on there, the words, 'or assignee,' was also typed in?

"A. Yes, sir": Notes of testimony, pages 13 and 14.

The testimony of defendant, Gregas, and John Yanalavage makes it crystal clear that the words "or assignee" did not appear on the endorsement when he, Slominsky and Norris signed same and that as a matter of fact, said words were added when the purported assignment to plaintiff was executed.

We are convinced that the words "or assignee" were added without the knowledge of petitioner.

In 12A PS §3-407, sec. 3-407 under the Uniform Commercial Code of April 6, 1953, P. L. 3, as amended, the following appears:

"Section 3—407. Alteration. (1) Any alteration of an instrument is material which changes the contract of any party thereto in any respect, including any such change in

" (a) the number or relations of the parties; or

" (b) an incomplete instrument, by completing it otherwise than as authorized; or

" (c) the writing as signed, by adding to it or by removing any part of it": Act of October 2, 1959, P. L. 1023, sec. 3.

There is no question but that there has been an alteration of this note by reason of the fact that the words "or assignee" have been added to the endorsement of the note after it was signed by the makers.

The question, therefore, presents itself whether the alteration is a material alteration and, if so, whether it effected any change in the legal obligation of defendant maker, Gregas.

In the case of Poelcher v. Zink, 375 Pa. 539, 546, 101 A. 2d 628, 631, Mr. Chief Justice Horace Stern, of the Supreme Court, said:

"But an alteration is not material if it does not effect any change in the legal obligation of the maker of the instrument".

The alteration in the instant case, wherein the words "or assignee" were added, certainly has not changed the legal obligation of the maker of this note. He is still obligated to pay the debt thereon, regardless of who now holds the note. The payee of the note, the Miners National Bank of Shenandoah, Penna., made the assignment to the present plaintiff. The present plaintiff did not steal the note, nor did he change the

amount due in the note. The only thing that has been added, as we have stated above, are the words "or assignee". Plaintiff is a holder in due course, and, as such, he may enforce the payment of the amount due on the note: 12A PS §3-407 (3).

It is our opinion that the legal obligation of the maker has not been changed or altered in any way by the addition of the words "or assignee".

And now, January 10, 1966, the petition to strike off the judgment is dismissed, and the rule to show cause is discharged.