Selden *v.* Jackson, Appellant.

Argued April 20, 1967. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused June 27, 1967.

*William F. Hall, Jr.,* with him *Norris, Brown and Hall,* for appellants.

*David A. Kraftsow,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, May 24, 1967:

On March 9, 1955, judgment was confessed on a judgment note which had been executed by James Jackson and Juanita Jackson payable to Louis C. Selden in the sum of $7,000. James Jackson petitioned the court to have the judgment opened, the judgment was opened, a trial lasting three days followed, and the Court entered a verdict in favor of Selden and against Jackson in the sum of $14,632.60, the face

amount of the note, plus interest, costs and 15% attorney's commission.

The defendant filed motions for judgment n.o.v. and a new trial, which were refused by the court below. He appealed to this Court for a new trial, abandoning his motion for judgment n.o.v. He asserts that the evidence was insufficient to establish that the note was supported by consideration. By placing the sealed note into evidence, Selden made out a prima facie case that consideration had moved from him to the maker for the amount involved. This Court said in *Poelcher v. Zink*, 375 Pa. 539, quoting from the earlier case of *Sossong v. Rosar*, 112 Pa. 197, 202: " 'Once plaintiff has proved the signature, consideration and delivery [of the judgment note] may be presumed from the fact that the instrument is under seal. . . . In other words, a plaintiff who relies upon a sealed instrument is not obliged to prove consideration to take the case to the jury. The seal imports consideration. . . .' Applying, then, these principles to the present case, it is clear that plaintiff established a prima facie right of recovery by proof of the execution of the note and its presentation in evidence, since the opening of the judgment by confession did not, and could not change the nature of the instrument in suit."

It is true that, by being permitted to defend against the note, Jackson could plead lack of consideration, and introduce evidence to support that assertion, but the burden of proof always remained with him to prove lack of consideration. He had to carry that burden up and over the formidable mountain of the presumption of consideration. He did not make the grade, as the record clearly shows.

During the trial Selden's check stubs were admitted into evidence. Jackson claims this was error. While conceding that this Court said in *Laning's Estate*, 241 Pa. 98, that "an indebtedness to the drawer of checks

cannot be established by stub entries in the check book alone, and that check stubs with their memoranda cannot be regarded as books of original entry," it is to be recalled that we also said in that case, "Even in such cases there are instances in which memoranda of this character may be admitted to supplement direct testimony relating to the matter in controversy." But we do not have to decide whether the admission of the stubs fell within the last indicated rule because there is no indication that Jackson suffered any prejudice because of the admission of the controverted evidence. The trial judge said in this connection: "In finding for plaintiff, the trial judge was not affected by the admission of these stubs, and he would have found for plaintiff without their admission, since he did not find defendant's testimony of sufficient force to sustain defendant's burden of proof."

We agree with the court below that, omitting the check stubs from consideration, Jackson failed in meeting the burden he faced. Indeed, the evidence clearly preponderated in favor of the plaintiff Selden.

Judgment affirmed.