J-S42031-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LYNETTE M. NOVAK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARYL G. LAYSER AND LISA R. | : | |
| LAYSER | : | |
| | : | No. 854 MDA 2025 |
| Appellants | : | |

Appeal from the Order Entered June 2, 2025
In the Court of Common Pleas of Lebanon County Civil Division at No(s):
2023-00089

BEFORE:    OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED FEBRUARY 24, 2026**

Daryl G. Layser ("Daryl") and Lisa R. Layser ("Lisa") (collectively, "Appellants") appeal from the order denying their petition to strike and/or open the confessed judgment entered in favor of Lynette M. Novak ("Sister"). We affirm.

Tessie Ondrusek ("Mother") had two daughters: Lisa and Sister. Lisa is married to Daryl; as noted above, we refer to them collectively as Appellants. The trial court made the following findings of fact. In 1985, Appellants and Mother purchased a home together for $85,000 and lived there together.

> A mortgage was subsequently taken out, encumbering almost the entire value of the property. In September of 1986, the mortgage was satisfied using proceeds from the sale of both [Mother's] house [and Appellants'] former home.

Trial Court Opinion, 6/2/25, at 2.

Two and one-half years later, on March 14, 1989, Mother, Appellants,

and Sister met at the law office of an attorney.

> The parties agreed that [Appellants] received a benefit from [Mother] in the form of proceeds from the sale of [Mother's] home that were used to satisfy the mortgage on the [jointly purchased property.] The parties agreed that [Sister] was owed . . . $21,000 . . . from the sale of [Mother's] home for her share of the inheritance to which she would [have been] entitled upon the death of [Mother. Appellants paid Sister $7,000] to fulfill one third . . . of the total agreed amount. The other . . . $14,000 . . . was satisfied by [a n]ote and payable upon [Mother's] death.

*Id*. at 2-3.

Accordingly, Appellants executed a promissory note (the "Note") in favor

of Sister. The one-page Note, with some blank lines as denoted, stated:

N O T E

$<u>14,000</u>                                        Date: <u>March 14, 1989</u>

_____ after date We promise to pay to the order of [Sister], Fourteen Thousand and----------00/100 Dollars, without defalcation, value received, [xxxxxx[1]] payable upon the death of [Mother.]

And further, **we do herby authorize and empower the Prothonotary, Clerk of Court or any Attorney** of any Court of Record of Pennsylvania, or elsewhere, to appear for and **to confess judgment against us for the above sum**, as of any term, past, present or future, with or without declaration, with costs of suit, release of errors, without stay of execution, and with -0- percent added for collecting fees; and we also waive the right of inquisition on any real estate that may be levied upon to collect this note; and do hereby voluntarily condemn the same, and authorize the Prothonotary to enter upon the writ of execution _____ said voluntary condemnation, and <u>we</u> agree that said real estate may be sold on a writ of execution and <u>we</u> hereby

_____

[1] This text was stricken with several "Xs."

waive and release all relief from any and all appraisement, stay or exemption laws of any State, now in force, or hereafter to be passed.

Witness:
_____[2]      [Husband's Signature]   3-14-89 *(SEAL)*
                         [Husband's name typed]

                         [Wife's Signature]        3-14-89 *(SEAL)*
                         [Wife's name typed]

Note, 3/14/89, Exhibit A to Reply to New Matter, 3/1/23 (some underlining omitted and emphases added).

Mother died in 2021. On January 17, 2023, Sister filed a motion for leave of court to file a confession of judgment, as the Note was more than twenty years old.[3] Appellants filed an answer and new matter, raising, *inter alia*, the defense of failure of consideration. Sister filed a reply to the new matter. The trial court conducted a hearing, at which Sister and Lisa testified.

On December 7, 2023, the trial court issued an order and opinion, granting Sister leave to file a confession of judgment. The court found: (1) the warrant for a confession of judgment, within the Note, was unambiguous; (2) Appellants did not dispute that they signed the Note; (3) the word, "(SEAL)," was pre-printed next to each of their signatures; (4) "consideration

---

[2] The line under "Witness:" was blank.

[3] *See* Pa.R.Civ.P. 2951(b) (providing that "[i]f the instrument is more than twenty years old, judgment may be entered only by leave of court after notice and the filing of a complaint").

is presumed whenever an individual signs a document under SEAL, as [Appellants] did in this case;" and thus (5) Appellants' defense, of failure of consideration, was meritless. Trial Court Opinion, 12/7/23, at 13, 16. Sister filed a preacipe to enter judgment.[4] On June 6, 2024, the court entered confession of judgment in the amount of $14,298.42 against Appellants and in favor of Sister.

Appellants then filed a petition to open or strike the confessed judgment. Both parties filed briefs. On June 2, 2025, the trial court issued the underlying order and opinion, denying Appellants' petition. The court provided the same reasoning set forth above. We note the court also addressed in the alternative, as it had in its earlier December 7, 2023 opinion, other issues, including: (1) Appellants' insistence that Sister's general denials, in her reply to the answer and new matter, amounted to admissions that she "never paid any money to" Appellants, and thus she admitted there was no consideration; (2) the question of whether Sister's agreement to wait until Mother's death to receive the promised $14,000 was a forbearance, and if so, whether such

---

[4] On the same day as the filing of the praecipe to enter judgment, Appellants filed a notice of appeal. This Court, however, quashed the appeal, as Pennsylvania Rule of Civil Procedure 2959(a)(1) requires that "[r]elief from a judgment by confession **shall** be sought by petition," and an appeal would lie properly from an order denying a petition to strike or open confessed judgment. Order, 6 MDA 2024, 4/11/24 (emphasis added). After remand of the record, the trial court entered confession of judgment.

forbearance was consideration; and (3) the intent of the parties in Appellants' execution of the Note.

Appellants filed a timely notice of appeal. They and the trial court have complied with Pa.R.A.P. 1925.

Appellants present seven issues for our review:

1. The trial court erred in refusing to strike a judgment by confession where the trial court held that the word "Seal" relieves [Sister] from proving consideration where a "seal" actually creates a rebuttable presumption which can be overcome by proving no consideration as the case sub judice.

2. The trial court erred in refusing to strike a judgment by confession where the underlying [N]ote was not supported by consideration, where [Sister] never raise[d] forbearance in the record, where the trial court found by judicial admission that [Sister] "never gave anything of value" to Appellants, but then held that forbearance "did not pertain" to a thing of value and that thing of value, was too "ambiguous" to be enforceable.

3. The trial court erred in refusing to strike a judgment by confession where the trial court found forbearance and lack of interest, *sua sponte*, after the record was closed, where [Sister] never raised forbearance and lack of interest as consideration on the record, including trial, and where trial testimony proved [Sister] never gave any consideration. The trial court's finding dehors the record [*sic*].

4. The trial court erred in refusing to strike a judgment by confession on a Note, over 20 years old, where the Note failed for no consideration and the Note contained only a bare "promise to pay" which is insufficient under 33 [P.S.] § 6 which requires Appellants "to be legally bound thereby[."]

5. The trial court erred in refusing to strike a judgment by confession where the trial court relied on language from the confession of judgment instead of the underlying Note to satisfy the "intent to be legally bound" requirement. The Note is the operative document as a confession of judgment cannot be used to record an invalid Note. Further, the Note states,

- 5 -

"promise to pay" for "value received" making the Note invalid, since the court has ruled by judicial admission, that [Sister] gave nothing of value to Appellants.

6. The trial court erred in refusing to strike a judgment by confession where the trial court found the Note valid, upon which judgment was entered, based on [Sister's] "belief" she was "entitled" to an inheritance, where such finding is illusory and where [Sister] supplied no consideration for the Note.

7. The trial court erred in refusing to strike a judgment by confession on a Note and/or open the judgment where the Note does not state Appellants voluntarily, intelligently, or knowing waived their due process rights to notice and opportunity to be heard, and where the trial court took no action on Appellants' Petition 11 to Stay Proceedings, where the Note, on its face, violates Appellants' due process rights.

Appellants' Brief at 9-12 (issues reordered for ease of discussion and unnecessary capitalization omitted).

Preliminarily, we note that although Appellants present seven issues for our review, they repeat their various claims throughout each subdivision of their argument section. *See* Pa.R.A.P. 2119(a) (requiring the argument to "be divided into as many parts as there are questions to be argued[ and to] have at the head of each part . . . the particular point treated therein"). Additionally, although each of their claims purport to challenge the trial court's refusal to **strike** the confession of judgment, their arguments, relying on the defense of failure of consideration, relate to the **opening** of the judgment.

In any event, we address first Appellants' claim the trial court erred in finding the words, "Seal," on the Note relieved Sister from proving there was consideration. "It is well-settled that a petition to strike off or open a

confessed judgment 'appeals to the equitable and discretionary powers of the trial court, and absent an abuse of discretion or manifest error, we will not disturb its decision.'" *9795 Perry Highway Mgmt., LLC v. Bernard*, 273 A.3d 1098, 1102 (Pa. Super. 2022) (citation omitted).

"Opening and striking a judgment are different remedies subject to different standards." *SDO Fund II D32, LLC v. Donahue*, 234 A.3d 738, 742 (Pa. Super. 2020) (citation omitted).

> "A petition to open a confessed judgment is an appeal to the equitable powers of the court."
>
> The trial court may open a confessed judgment "if the petitioner (1) acts promptly, (2) alleges a meritorious defense, and (3) can produce sufficient evidence to require submission of the case to a jury." [A] petitioner must meet all three prongs to succeed.
>
> A meritorious defense is one upon which relief could be afforded if proven at trial.
>
> > [T]he court must view the evidence presented in the light most favorable to the moving party, while rejecting contrary evidence of the non-moving party. . . .

*Dominic's Inc. v. Tony's Famous Tomato Pie Bar & Rest., Inc.*, 214 A.3d 259, 267-68 (Pa. Super. 2019) (citations omitted and paragraph break added).[5]

This Court has explained:

---

[5] On the other hand, "[a] petition to strike a judgment is a common law proceeding which operates as a demurrer to the record[, and] may be granted only for a fatal defect or irregularity appearing on the face of the record." *SDO Fund II D32, LLC*, 234 A.3d at 742 (citation omitted).

Historically, Pennsylvania law has recognized and permitted entry of confessed judgments pursuant to the authority of a warrant of attorney contained in a written agreement. "[A] warrant of attorney is a contractual agreement between the parties and the parties are free to determine the manner in which the warrant may be exercised."

*Neducsin v. Caplan*, 121 A.3d 498, 505 (Pa. Super. 2015) (citations omitted).

"It is hornbook law that, to form a contract, there must be an offer, acceptance, and consideration." *Somerlot v. Jung*, 343 A.3d 324, 333 (Pa. Super. 2025) (footnote omitted). This Court has noted:

A lack of consideration, if such existed, would not render [an] agreement a nullity, [if] the parties expressed therein their intent to be legally bound. Under the Uniform Written Obligations Act, 33 P.S. § 6, that statement of intent removes lack of consideration as a ground for avoiding the contract.

*Failure* of consideration, on the other hand . . . does not contradict the terms of the instrument, but shows that the consideration contemplated was never received.

*Nicholas v. Hofmann*, 158 A.3d 675, 690 n.20 (Pa. Super. 2017) (citation omitted).

"[W]hen a party signs a contract which contains the pre-printed word 'SEAL,' that party has presumptively signed a contract under seal."[6] *Driscoll*

---

[6] This Court held that the printed word, "seal," was sufficient, and noted that the "long gone by" practices of "actual sealing of legal documents[ with a] mark or device upon wax or wafer," were not required. *Driscoll*, 213 A.3d at 259.

- 8 -

*v. Arena*, 213 A.3d 253, 259 (Pa. Super. 2019) (*citing* ***Beneficial Consumer***

***Discount v. Dailey***, 644 A.2d 789, 791 (Pa. Super. 1994)).

"In Pennsylvania a seal is more than mere presumptive evidence of

consideration.  It imports consideration . . . ." ***Brereton Estate***, 130 A.2d

453, 456 (Pa. 1957).

> Once [a] plaintiff has proved the signature, consideration and
> delivery [of the judgment note] may be presumed from the fact
> that the instrument is under seal. . . .  In other words, a plaintiff
> who relies upon a sealed instrument is not obliged to prove
> consideration to take the case to the jury.  The seal imports
> consideration.

***Selden v. Jackson***, 230 A.2d 197, 197 (Pa. 1967) (quotation marks

omitted); ***see also Poelcher v. Poelcher***, 76 A.2d 222, 223 (Pa. 1950)

(stating that "a seal imports consideration and creates a legal obligation to

which want of consideration is ordinarily not a material defense"); ***Austen v.***

***Marzolf***, 161 A. 72, 73 (Pa. 1932) (stating that "once [a] plaintiff has proved

the signature, consideration and delivery may be presumed from the fact that

the instrument is under seal," and "a plaintiff who relies upon a sealed

instrument is not obliged to prove consideration to take the case to the jury");

***Socko v. Mid-Atlantic Sys. of CPA***, 99 A.3d 928, 934 & n.7 (Pa. Super.

2014) (noting that "Pennsylvania law continues to recognize the maxim that

when a contract is executed under seal, a party may not raise a lack or want

of consideration as a defense except where there is fraud").

On appeal, Appellants do not dispute that they signed the Note under

seal.  Instead, they aver the trial court erred in finding that the seal relieved

Sister "from proving consideration." Appellants' Brief at 38. They reason that, pursuant to the 1980 federal court decision in ***Federal Deposit Ins. Corp. v. Barness***, 484 F.Supp. 1134 (E.D. Pa. 1980) ("***FDIC***")), a seal merely creates "a rebuttable presumption of consideration, which may be overcome by proving lack of consideration." ***Id***. at 39. Appellants explain that the ***FDIC*** court interpreted the Pennsylvania Supreme Court's decision in ***Selden*** to hold: "The plain import . . . is that a seal creates only a rebuttable presumption of consideration, which may be overcome by proving a 'lack' of consideration." ***Id***. (*quoting* ***FDIC***, 484 F.Supp. at 1149).

As noted above, in denying Appellants' petition to open or strike the confession of judgment, the trial court found: (1) Appellants did not dispute that they signed the Note; (2) the word, "(SEAL"), was pre-printed next to each of their signatures; (3) "consideration is presumed whenever an individual signs a document under SEAL, as [Appellants] did in this case;" and thus (4) Appellants' various arguments alleging the failure or lack of consideration were meritless. Trial Court Opinion, 12/7/23, at 13, 16.

After careful review of the record, we determine the trial court did not abuse its discretion in denying Appellants' petition to open or strike the confession of judgment. ***See 9795 Perry Highway Mgmt., LLC***, 273 A.3d at 1102. We reject Appellants' insistence that under ***FDIC***, a seal merely creates a rebuttable presumption of consideration. First, we consider that "Pennsylvania courts are not bound by the decisions of inferior federal courts

even where the case specifically concerns Pennsylvania law." *Lilley v. Johns-Manville Corp.*, 596 A.2d 203, 210 (Pa. Super. 1991); *see also id.* (explaining that "[a]bsent a ruling on a particular question by the United States Supreme Court, the decision of a federal intermediate appellate panel is not binding on Pennsylvania courts"). Additionally, as we state above, the Pennsylvania courts have long held that a seal "imports" consideration, without proviso that a seal merely creates a rebuttable presumption. *See Brereton Estate*, 130 A.2d at 456 (stating that "[i]n Pennsylvania a seal is *more than mere presumptive evidence of consideration*[; i]t imports consideration"); *Poelcher*, 76 A.2d at 223 (stating that "a seal imports consideration"); *Austen*, 161 A. at 73 (stating that "once [a] plaintiff has proved the signature, consideration . . . may be presumed from the fact that the instrument is under seal," and "a plaintiff who relies upon a sealed instrument is not obliged to prove consideration to take the case to the jury"); *Socko*, 99 A.3d at 934 & n.7 (acknowledging "the maxim that when a contract is executed under seal, a party may not raise a lack or want of consideration as a defense except where there is fraud").

Indeed, the *Selden* decision, which *FDIC* interpreted, stated:

Once [a] plaintiff has proved the signature, consideration and delivery [of the judgment note] may be presumed from the fact that the instrument is under seal. . . . In other words, a plaintiff who relies upon a sealed instrument is not obliged to prove consideration to take the case to the jury. The seal imports consideration.

- 11 -

*Selden*, 230 A.2d at 197-98 (quotation marks omitted). Accordingly, pursuant to long-standing, binding Pennsylvania decisional authority, we conclude the trial court did not abuse its discretion in finding that, where Appellants executed the note under seal, the court could presume there was consideration and thus Sister was "not obliged to prove consideration." Trial Court Opinion, 6/2/25, at 10. Thus, no relief is due on Appellants' first claim.

In Appellants' second issue, they assert the trial court had agreed that Sister's general denials, in her answer to certain averments in Appellants' new matter, constituted judicial admissions that she "never provided anything of value to" them, and thus she admitted there was no consideration and she "is bound by these judicial admissions." Appellants' Brief at 17-19. In their third issue, Appellants argue that, in light of the trial court's agreement above, the court erred in finding there was consideration, in the form of Sister's forbearance, or agreement to wait until Mother's death to receive the promised $14,000. *See id*. at 21, 23. Appellants also assert Sister "never raised forbearance," and the trial court erred in raising this issue *sua sponte* and "step[ping] outside the record to find forbearance." *Id*. at 41, 44.

We need not address the merits of these claims, as we conclude above that the trial court properly presumed there was consideration and thus Sister was not obliged to show there was consideration.

Appellants' fourth issue concerns the application of the Uniform Written Obligations Act ("UWOA").[7]  By way of background, that statute provides: "A written . . . promise, hereafter made and signed by the person . . . promising, shall not be invalid or unenforceable for lack of consideration, if the writing also contains an additional express statement, in any form of language, that the signer intends to be legally bound."  33 P.S. § 6.  In its December 7, 2023 opinion, the trial court cited the terms of this statute, and then stated, without further discussion, that "the Note contained language that [Appellants] intended to be bound by it."  Trial Court Opinion, 12/7/23, at 10, 16 (unnecessary capitalization omitted).

On appeal, Appellants dispute the trial court's application of the UWOA.  They aver that the Note merely included a "promise to pay" that was insufficient to meet the UWOA's requirement of a statement "that the signer intends to be legally bound."  Appellants' Brief at 28.  Appellants again rely on the federal decision in *FDIC*, which held that "promise to pay" language, ""identical" to that in this case, was "not sufficient to bring it within the terms of the" UWOA.[8]  *Id*. at 31, 33 (*citing FDIC*, 484 F. Supp. at 1148).  Appellants thus conclude: "Since the Note in this case contains [the required] express statement, the [UWOA] does not apply."  *Id*.

---

[7] *See* 33 P.S. § 6.

[8] As noted above, federal court decisions are not binding on Pennsylvania courts.  *See Lilley*, 596 A.2d at 210.

As noted above, the trial court did not provide further discussion to support its statement, that "the Note contained language that [Appellants] intended to be bound by it." Trial Court Opinion, 12/7/23 at 16 (unnecessary capitalization omitted). We would agree that the Note's statement, "We promise to pay," does not meet the UWOA's requirement for an "express statement . . . that the signer intends to be legally bound," and thus, the UWOA does not apply. 33 P.S. § 6. Nevertheless, we determine that no relief is due, in light of our above holding, that the trial court properly presumed there was consideration.

In their fifth issue, Appellants challenge the trial court's finding that the Note was valid "based on [Sister's] 'belief' she was 'entitled' to an inheritance, where such finding is illusory." Appellants' Brief at 47 (emphasis omitted). In support, Appellants assert that nowhere "in the record is there any evidence that [M]other agreed to said 'entitlement.'" *Id*. at 49 (unnecessary capitalization omitted).

The trial court found: "The warrant for the confession of judgment clause within the Note is unambiguous on its face[.]" Trial Court Opinion, 6/2/25, at 13. Accordingly, the court must have determined the meaning of the Note by its content alone. *See Driscoll*, 213 A.3d at 259 (stating the "general principle[] of contract interpretation" that "[w]hen a contract is clear and unequivocal, its meaning must be determined by its contents alone"). Accordingly, the court need not have considered what Mother's or the parties'

- 14 -

intent might have been in executing the Note. Nevertheless, this additional discussion by the trial court does not detract from our reasons above for affirming the denial of Appellants' petition to strike or open the confessed judgment.

In their sixth issue, Appellants allege the trial court erred in refusing to strike the confessed judgment where the Note made no provision that they were "waiving notice and opportunity to be heard prior to entry of" judgment. Appellants' Brief at 63. Appellants do not, however, acknowledge or challenge the trial court's reasoning that the court "conducted a lengthy hearing on September 29, 2023" and "[b]oth sides were given the opportunity to present evidence and arguments." Trial Court Opinion, 6/2/25, at 20. We further remind Appellants that Sister filed a motion for leave to file a confession of judgment, in compliance with Rule of Civil Procedure 2951(b). This rule provides "[i]f the instrument is more than twenty years old, judgment may be entered only by leave of court after **notice** and the filing of a complaint." Pa.R.Civ.P. 2951(b) (emphasis added). As Appellants have failed to identify any due process right violation suffered, we determine that no relief is due.

Finally, we note that Appellants challenge the trial court's consideration of "an equitable and fair analysis, [and] 'the right thing to do." Appellants' Brief at 55 (*quoting* Trial Court Opinion, 7/23/25, at 1-3). Appellants aver: "This case has never been about equity, as the trial court tries to make it.

This case is a legal analysis concerning a note and whether . . . consideration supported the note." *Id*.

We reiterate that "[a] petition to open a confessed judgment is an appeal to the equitable powers of the court." ***Dominic's Inc.***, 214 A.3d at 267-68; ***see also 9795 Perry Highway Mgmt., LLC***, 273 A.3d at 1102 (stating "that a petition to strike off or open a confessed judgment 'appeals to the equitable and discretionary powers of the trial court"). Accordingly, no relief is due on this final claim.

For the foregoing reasons, we affirm the order denying Appellants' petition to strike or open the confession of judgment in favor of Sister.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/24/2026

- 16 -